June Term,
1860.

SPAULDING
v.
MILWAUKEE &
HOR. R. R. Co.

12  607
e106 231

## SPAULDING VS. MILWAUKEE & HORICON RAILROAD CO.

Where the mortgagees of the road and other corporate property of a railroad company, commenced a suit for the foreclosure of their mortgage, and at the same time obtained an order from the court in which such suit was brought, appointing a receiver to take possession of the road and other property of the corporation, and operate the road during the pendency of such suit, and an appeal was taken from the order appointing such receiver, by the company and others in possession of the road, and the proceedings in the circuit court stayed by the execution of a proper undertaking for that purpose, and, before the decision of such appeal in this court, said mortgagees directed the clerk of the circuit court to enter a discontinuance of the foreclosure suit, at their costs, and served a copy of the order of discontinuance upon the defendants in that suit, with notice that the suit was discontinued at the plaintiffs' costs, and offered to pay the defendants all their costs upon presentation of a taxed bill thereof, and also to appear before any taxing officer, at such time as the defendants might designate, to attend to the taxation of the same, and stipulated in said notice that the order of the circuit court appointing a receiver, from which said appeal had been taken, might be rescinded and cancelled at the plaintiffs' costs, and also offered to pay the costs of the appeal upon presentation of a taxed bill thereof: *Held*, that even if the circuit court still retained jurisdiction of the case, so that it might make an order therein for the protection of the rights of all the parties (a question this court does not decide), still the plaintiffs therein could claim no further benefit from such suit, but must go out of that court upon such terms as the court might see fit to impose.

*Held*, also, that the appeal to this court would fall upon the discontinuance of said suit in the circuit court, and that an application of the company to this court for an injunctional order, forbidding certain persons who had, after said appeal, obtained possession of the road and were operating it by virtue of certain legal proceedings in the U. S. District Court, from interfering with or exercising any control over said road, could not be granted.

APPEAL from the Circuit Court for *Washington* County. In this case an application was made by the respondent

June Term, 1860.

SPAULDING
v.
MILWAUKEE &
HOR. R. R. Co.

for an injunctional order, the nature of which application, and the grounds upon which it was made and was resisted, will appear sufficiently from the opinion of the court.

*A. D. Smith,* for appellant.

*Butler, Buttrick & Cottrell,* for respondent.

October 24.    *By the Court,* COLE, J.   It appears to us that the respondents have shown good cause why there should be no stay of proceedings granted herein, as asked for by the appellants. The suit was originally commenced in the Dodge circuit court, by the respondents, to foreclose a mortgage given upon the railroad and corporate property, to secure the payment of first mortgage bonds, and the interest upon the same.   It was alleged in the complaint that the corporation was in a condition of insolvency, and that the mortgaged premises were a scanty security for the mortgage debt, and, among other things, it was asked that a receiver be appointed to take possession of the road, and the property and the franchises of the corporation, and run and operate the road, pending the suit.   A receiver was appointed in conformity with the prayer of the complaint.   The company and others in possession of the railroad, being dissatisfied, took an appeal from the order appointing a receiver, and gave an undertaking in the sum of two hundred and fifty dollars, conditioned according to law, and a further undertaking in the sum of ten thousand dollars (that being the sum fixed by the judge of said court), and conditioned in conformity with chapter 139 of the General Laws of 1859, to stay proceedings in the circuit court.   And the appellants now ask that an injunction may issue, enjoining Joseph B. Ficklin, Levi Blossom, Lindsay Ward, Robert H. Lowery and others, from interfering with, or exercising any authority over, the railroad and its franchises.   Some of these parties have obtained possession of the railroad, and are operating the same under and by virtue of certain legal proceedings, instituted in the United States district court, but to which it is not necessary more particularly to refer.   The respondents, in answer to the rule to show cause why proceedings should not be stayed, produce a copy of an order which they, as attorneys for

the plaintiffs, directed the clerk of the circuit court of Dodge
county to enter, discontinuing the suit commenced in that
court for the foreclosure of the mortgage above named, at
the costs of the plaintiffs therein. They also show that a
copy of this order was served upon the appellants, with a
notice that the suit had been discontinued at the plaintiffs'
costs, and the counsel for the respondents offer, in their no-
tice, to pay the appellants all of their costs in said action,
upon presentation of a taxed bill thereof; also to appear,
with or without formal notice, before any taxing officer, at
such time as the appellants might designate, for the purpose
of attending to the taxation of the same; and further, they
stipulate in the notice that the order of the circuit court,
appointing the receiver in the action, and which had been
taken to this court on appeal, might be rescinded and can-
celled at the costs of the respondents; and they offered to
pay the costs of the appeal, upon presentation of a taxed bill
thereof.

Under these circumstances, it is very clear to our minds
that we ought not to grant an injunction to stay proceedings
under this appeal. The respondents have endeavored to dis-
continue the foreclosure suit in the Dodge circuit court, and
have stipulated that the order made in that suit, appointing
a receiver (which has been appealed to this court), might be
rescinded and annulled. Now, whether the suit was abso-
lutely out of court, when the respondents' counsel entered
the order of discontinuance with the clerk of the Dodge cir-
cuit court, and gave notice thereof, with an agreement to pay
all costs to the adverse party, upon presentation of a taxed
bill thereof, so that the Dodge circuit court had no further
jurisdiction over the same, and could make no order therein
for the protection of the rights of all parties, and such as the
justice and equity of the case might seem to require, is a
question not necessary to be decided at the present time. It
is said to be a matter of course, to permit a complainant to
dismiss his bill at any time before interlocutory or final de-
cree has been made in the cause, upon payment of costs.
*Cummins vs. Bennett*, 8 Paige, 79; *Saxton vs. Stowell*, 11 id.,
526; *Simpson vs. Brewster*, 9 id., 245; *James vs. Delavan*, 7

Wend., 511; *Smith vs. White*, 7 Hill, 520; *The Seaboard & R. R. R. Co. vs. Ward*, 18 Barb. (S. C.), 595; *Averill vs. Patterson*, 10 How. Pr. R., 85; *Schenck vs. Fancher & Long*, 14 id., 95. Whether there is any thing in the circumstances of this case which would take it out of the operation of this general rule, it becomes immaterial to inquire. The counsel for the appellants contends that there is. He insists that ordinarily a case in the attitude of, and like the one at bar, could not be absolutely dismissed from the jurisdiction of the circuit court, by merely entering an order of discontinuance with the clerk in vacation, and offering to pay the costs of the adverse party, but that there must be some action of the court itself, dismissing the cause, and that the case is still pending in the circuit court of Dodge county. It may be conceded that this position is correct, that the Dodge circuit court still retains jurisdiction of the foreclosure suit, notwithstanding the efforts of the plaintiffs to discontinue it, and that that court can make any proper order therein which may be necessary to protect the rights of all parties, and yet that this application for a stay of proceedings should be denied. It does not follow that because the Dodge circuit court may have jurisdiction of the foreclosure case for certain purposes, or because the appeal from the order appointing the receiver may still be pending in this court, that we should enjoin parties from interfering with the subject matter of the appeal, namely, the railroad and its property and franchises, in other cases. Certainly the circuit court would not permit the plaintiffs further to prosecute the foreclosure suit, in that court, after discontinuing it by entering the order with the clerk. The court would not treat them as being *in* court and out of court at the same time. It would not suffer its proceedings thus to be trifled with, even if parties were disposed thus to back and fill, and to vacillate in the conduct of a suit. So that the respondents can claim no further benefit or advantage from the foreclosure suit in the circuit court. They must, at all events, go out of court upon such terms as the circuit court may see fit to impose, if they are not out already. The appeal in this court would fall, as a matter of course, with the principal cause. And such being the case,

we think the rule requiring the respondents to show cause why an injunction should not issue herein, must be discharged, with costs.