## PETERSON vs. THE STATE.

CRIMINAL LAW AND PRACTICE. *(1, 2) Minutes of clerk of trial court; amendment of return to writ of error, by the minutes. (3) Whether record shows that accused was not examined, before information filed. (4) What rights before trial the accused may waive.*

1. It is the duty of the clerk of a circuit court to keep *minutes* of the proceedings in every case in the court, civil or criminal; and such minutes, on all subjects which are properly matters of record, are treated by this court as importing verity.

2. After return made to the writ of error in a criminal action, a paper purporting to be an amended return, was filed in the case, but by what authority the record does not disclose. Afterwards, counsel of the plaintiff in error, with the consent of the attorney general, procured to be filed here certain sheets of manuscript sent up by the clerk of the court below, and certified by him to be his "original minutes" of the trial. This court being in doubt whether this was properly a part of the record of the cause, or evidence thereof, the attorney general, by leave, procured an amended return from the clerk of the court below, containing a *certified transcript* of the entries pertaining to this case in the *minute book* kept in his office; and the court treats the same as a sufficient amended return.

3. The record here in a case of criminal information for murder contained what purported to be a "bill of exceptions," comprising merely the record of an inquest taken before a justice of the peace, into the cause of the death of the deceased, with a certificate of the circuit judge appended, that "the within and foregoing bill of exceptions contains all the proceedings of such examination as was had in the case of the said G. P. [the accused], before a justice of the peace, prior to the filing of the information" herein, "on file in the office of the clerk" of the circuit court in which this action was tried. *Held,*

    (1) That even if this is a certificate that the accused was not examined *before a justice of the peace* before the information was filed (which is doubtful), it does *not* certify that the records in said court failed to show such an examination had (as the statute permits) before a judge of a court of record or a court commissioner.

    (2) That if such an examination was essential in this case (a point not decided), it need not be stated in the information, nor shown affirmatively by the prosecution, being matter in defense or abatement.

4. Where the defendant in a criminal information goes to trial, without objection, on the day the information is filed, and the record shows no *demand* by him of a list of the jurors, he *waives* his statutory right to have a copy of the information served on him, and a list of the jurors furnished him on demand, twenty-four hours before the trial.

ERROR to the Circuit Court for *Calumet* County.

This was a writ of error to bring up the record in the case of the information against *Peterson*, convicted in said circuit court of murder in the second degree. The facts are sufficiently stated in the opinion.

The brief for the plaintiff in error is signed by *Ole Mosness* and *Vilas & Bryant;* and the cause was argued orally by *Mr. Mosness.* It was argued, among other things, 1. That the record shows that no preliminary examination was ever had prior to the filing of the information. The statute provides for such an examination, and prescribes fully the mode in which it shall be conducted; it requires a plea, and an issue to be made up before the magistrate; that all examinations, evidence and recognizances taken by the magistrate shall be certified and returned by him to the clerk of the court before which the party charged is bound to appear; and that " no information shall be filed against any person for any offense until such person shall have had a preliminary examination as provided by law." Tay. Stats., 1408, §§ 7, 10, 1921, § 26, and 1930, § 22; *Douglass v. The State,* 3 Wis., 820. Where the proceeding is by indictment, the record must show affirmatively the returning of such indictment into court by the grand . jury, and such showing can no more be dispensed with than the verdict. *McKinney v. The People,* 2 Gilm., 551; *Rainey v. The People,* 3 id., 71; *Yates v. The People,* 38 Ill., 532; *Williams v. The People,* 54 id., 422; *Gardner v. The People,* 20 id., 433. In this state, the preliminary examination takes the place of an indictment. It is the foundation on which the information is based, and is indispensable. *People v. Annis,* 13 Mich., 511. This objection cannot be said to have been *waived,* merely because the record does not show that it was taken at the trial. The record does not connect the accused with the trial; and only from a recital in the sentence can an inference be drawn that he was *ever* before the court. In a criminal case the accused stands on all his rights, and waives nothing that is irregular. *Guykowski v. The People,* 1 Scam., 476.  2. The information was filed in

the circuit court *on the day and at the time of the trial.* The statute imperatively requires that "as soon as may be after the finding of an indictment or the filing of an information for a crime punishable by imprisonment for life, the party charged shall be served with a copy thereof, by the sheriff or his deputy, *at least twenty-four hours before trial.*" Tay. Stats., 1927, § 4. It further provides in the next section that any prisoner indicted or against whom an information is filed, for a crime punishable by imprisonment in the state prison for life, shall, on demand upon the clerk, by himself or his counsel, have a list of the jurors returned delivered to him at least twenty-four hours before trial. The record in this case shows that for the purpose of a trial a *venire* was issued and returned served by the sheriff on twenty jurors, on the 11th of June, 1874, and that on the same day the information was filed, the cause tried, the verdict brought into court, and the sentence pronounced. The statutes above referred to were enacted for the protection of persons charged with crime for which the penalty of imprisonment for life may be imposed; they fix the *shortest* time that *must* elapse after the accused has notice of the charge against him, before his trial; and it is essential to the protection of the rights of accused persons that they be complied with. *Guykowski v. The People, supra.* 3. The record shows neither an arraignment nor a plea, nor does it even show that the prisoner was present in court during the trial; and these are fatal defects. *People v. Kohler,* 5 Cal., 72; *People v. Corbett,* 28 id., 328; *Brown v. The State,* 24 Ark., 620; *Osborn v. The State,* id., 629; *Grimm v. The People,* 14 Mich., 300; *Douglass v. The State,* and *McKinney v. The People, supra*; *Davis v. The State,* 38 Wis., 487; *Johnson v. The People,* 22 Ill., 314; 1 Whart. Cr. Law, § 530, and cases there cited.

*The Attorney General,* for the state, argued, 1. That the supplementary return supplies the defects in the record, and shows that the proceedings were regular. 2. That a preliminary examination is not necessary before the filing of an information; that §§ 7 and 10, p. 1408, Tay. Stats., refer to

trials where justices of the peace have jurisdiction; that the provisions on pp. 1916–1921 refer to examination, commitment for trial and taking bail, and do not require an issue to be made; that the provision of § 22, p. 1932, declaring that "no information shall be filed against any person for any offense until such person shall have had a preliminary examination," etc., are shown to be merely directory by the next section, which assumes that an information may in all cases be filed without a preliminary examination, and provides that in such a case, if the defendant is acquitted, and the court shall determine that the information was not filed in good faith, the defendant may maintain an action against the district attorney for malicious prosecution; and that the absence of any such provision in the Michigan statutes renders the case cited from that state inapplicable. 3. He further argued that where the testimony is taken before a justice of the peace acting as coroner, and defendant's guilt is there established, this is a sufficient guide and protection for the district attorney, and a substantial compliance with the statute; and that, as the accused may waive his right to a preliminary examination when brought before the justice, so he should be held to have waived it when he goes to trial without objecting to the absence of such examination. 4. He further contended that the provisions of the statute relating to the time of filing the information, and furnishing a copy thereof and of the list of jurors, are directory, and may be waived by the defendant; that a plea of guilty would be a waiver of all such rights (*Hill v. The State*, 17 Wis., 676); that defendant is not entitled to a copy of the information without a *demand;* and that pleading to it without such demand waives the right to a copy (*People v. Lightner*, 49 Cal., 226).

It was argued for the plaintiff in error, in reply, that directory statutes are such as are not of the thing provided for; that that which a public officer is directed by law to do for others, and which is intended for their benefit, and is beneficial to them, the law holds must be done; and that negative words make a statute imperative ( *Wendel v. Durbin*, 26 Wis.,

Peterson vs. The State.

391; *State ex rel. Doerflinger v. Hilmantel,* 21 id., 566; *Hopkins v. Langton,* 30 id., 379); that all penal statutes must be strictly construed *(Stone v. Lannon,* 6 Wis., 497), and where there is doubt as to the construction, they should be construed in the defendant's favor (1 Whart. Cr. Law, § 364); that where such a statute provides a mode of procedure, only the mode so prescribed can be followed (1 Bish. Cr. Law, p. 150, note 1); and that the court is bound in every case to inquire whether the facts presented by the record give jurisdiction, though the absence of jurisdictional facts may not have been pleaded. *Stamps v. Newton,* 3 How. (Miss.), 34. 2. That the clerk's minutes of the trial were no part of the record, and could not be made so by a bill of exceptions. *People v. Empire G. & S. M. Co.,* 33 Cal., 171, and cases there cited; *Graugnard v. Lombard,* 14 La. An., 234; *Black v. Daggy,* 13 Ind., 383; *Williams v. Holmes,* 7 Wis., 168; *Sayre v. Langton,* id., 214. The true record of a criminal case is the history of the proceedings constituting the trial and judgment, recorded in the known and authorized record book of the court; and it cannot be contradicted by the minutes of the clerk from which it is made up. *Taylor v. Commonwealth,* 44 Pa. St., 131. After a certified copy of the record has been filed, another paper purporting to be a bill of exceptions will be disregarded. *Walpole v. Atkinson,* 18 Ind., 434. Proceedings which ought to be brought up by bill of exceptions, cannot become a part of the record by the entries of the clerk. *Wright v. The State,* 20 Ind., 23;. *Wilson v. Truelock,* 19 id., 389.

LYON, J. On the 11th day of June, 1874, the district attorney of Calumet county filed in the circuit court for that county an information against the plaintiff in error, charging him with the crime of murder. On the same day, the accused was tried, and convicted of murder in the second degree, and sentenced by the court to imprisonment in the state prison for life. He thereupon sued out a writ of error from this court to reverse the judgment of the circuit court.

Errors are assigned as follows: 1. That it does not appear

from the record that the accused was arraigned, or that he pleaded to the information; or that the court was sitting when he was tried; or that he was present at the trial; or that a jury was impaneled and sworn; or that he was assisted by counsel; 2. That the record shows that no preliminary examination was had before the information was filed; and 3. That he could not be lawfully tried until the expiration of twenty-four hours after service upon him of a copy of the information, and delivery to him of a list of the jurors. These alleged errors will be considered in their order.

I. After return was made to the writ of error herein, a paper purporting to be an amended return from the clerk of the circuit court was filed in the case, but by what authority the record does not disclose. Still later, however, the counsel for the plaintiff in error, with the consent of the attorney general, procured to be filed in this court the original minutes kept by the clerk of the circuit court, duly certified by that officer. Such original fully verifies the accuracy of the amended return; and we think that the filing thereof is, under the circumstances, a waiver of any irregularity in the filing of such amended return. It is the duty of the clerk to keep minutes of the proceedings in every case in the court, civil or criminal. Burrill defines a clerk as "an officer of a court who keeps its minutes, or records its proceedings, and has the custody of its records and seal." Law Dict., "CLERK." It is the constant practice in this court to treat such minutes, on all subjects which are properly matters of record, as importing verity.

The amended return removes all of the objections above mentioned. It shows that the plaintiff in error was duly arraigned at the bar of the court upon the information, and pleaded thereto "not guilty;" that the court was sitting during all the proceedings in the case; that the jury before whom he was tried, was duly impaneled and sworn; and that he was present at the trial, and was assisted in his defense by counsel.

II. The learned counsel for the plaintiff in error is evidently mistaken in assuming that the record shows affirmatively that no examination of the accused was had before the information

was filed. We find in the record a paper headed " Bill of Exceptions," which contains nothing but the record of an inquest taken before a justice, of the cause of the death of the person named in the information as having been feloniously killed and murdered by the plaintiff in error. Appended to this we find the following certificate of the circuit judge: " The within and foregoing bill of exceptions contains all the proceedings of such examination as was had in the case of the said *Gustaf Peterson*, before a justice of the peace, prior to the filing of the information in said suit of the state of Wisconsin against the said *Gustaf Peterson*, on file in the office of the clerk of the circuit court of Calumet county." This certificate is the only thing in the record which gives any color to the claim of counsel. Now if the learned circuit judge intended to certify (which may well be doubted) that no examination of the accused was had before a justice of the peace before the information was filed, he certainly does not certify that the records in his court fail to show that any such examination was had before a judge of a court of record, or a court commissioner. The statute gives to those officers the same power to examine and hold to bail or commit persons charged with crime, that it confers upon justices of the peace. R. S., ch. 176, sec. 1.

If such examination was essential in this case before the information could properly be filed (a point we do not here decide), the fact that there had been such an examination need not be stated in the information, or shown affirmatively by the prosecution. The want of an examination is matter in defense or abatement, to be established by the plaintiff in error. He has not done so; and hence, the alleged error under consideration is not well assigned.

III. The statute which requires that a copy of the information be served upon the accused twenty-four hours before trial (R. S., ch. 177, sec. 4; Tay. Stats., 1927, § 4) is not jurisdictional, but grants a privilege to the accused which he may waive. We think that the plaintiff in error waived such privilege by going to trial without objection on the day the in-

formation was filed. The same observation applies to the next succeeding section, which gave him the right to have, on demand, a list of the jurors furnished him twenty-four hours before trial. The record fails to show any such demand.

We fail to find any error in the record before us, and must, therefore, affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.

The plaintiff in error moved for a rehearing; and the following opinion was filed at the January term, 1877.

LYON, J. We cannot doubt that, under the statute (Laws of 1867, ch. 150, secs. 5 and 6; Tay. Stats., 1517, §§ 11 and 12), the entries of those proceedings in a case in open court, which the statute requires the clerk to enter in the minute book kept by him, are matters of record, and, if returned here on a writ of error, are properly before us as a part of the record.

But a reëxamination of the case on this motion leaves us in doubt whether we have before us the record contained, or which should be contained, in the minute book. The clerk certifies that he has returned his original minutes, and designates three sheets of manuscript sent up by him as being such minutes; but we do not find his certificate that he has returned his *minute book*, or a transcript thereof.

This apparent defect may be supplied or cured by a further return to the writ of error, or an argument may convince us that it is not a real defect; but as the case stands, we do not feel that we ought to sustain a judgment which consigns the plaintiff in error to imprisonment in the state prison for life, without further argument and investigation on this point. On all other points mentioned in the opinion, we are entirely satisfied with our former decision, and do not think that our views are likely to undergo any change.

*By the Court.* — The motion for a reärgument is granted; but the argument will be confined to the point above indicated, concerning which we have doubts.

After a reärgument, the following opinion was filed, and the

judgment of the court below affirmed, at the August term, 1878.

LYON, J.   When this case was first considered, we reached the conclusion that the record disclosed no error, and hence, that the judgment of the circuit court ought to be affirmed.

On the motion for a reärgument, we again carefully examined the case, and were satisfied that our conclusion was correct on the merits.   But an apparent defect was discovered in the return to the writ of error, which led us to doubt whether the record contained a transcript of the entries in the minute book kept by the clerk of the circuit court who made the return.   A reärgument was therefore ordered on that question, and it was suggested that if the record was defective in the particular indicated, the defect might be supplied by a further return to the writ.

The attorney general has acted upon that suggestion, and by leave of court has procured an amended return from the clerk of the circuit court, containing a duly certified transcript of the entries pertaining to the case in the minute book kept in his office.   This return fully supplies the possible defects in the former return.   The record now contains what it was understood to contain when the case was first considered.   We find in it no valid reason for disturbing the judgment.

*By the Court.* — Judgment affirmed.