Juneau County vs. Hooker.

*Juneau County, Respondent, vs. Hooker, Appellant.*

*November 6 — November 23, 1886.*

*Discontinuance of action: Reinstatement.*

1. Plaintiff's voluntary discontinuance of an action by announcement in open court and the entry thereof in the minutes of the clerk and judge, is sufficient, as against him, to put an end to the action, although no formal order has been made and the costs have not been taxed.
2. An action after being discontinued should not be reinstated — especially not on the ground that the plaintiff's attorney was ignorant either of the law or of a fact which he ought to have known and might readily have known before the discontinuance.

APPEAL from the Circuit Court for *La Crosse* County. The case is stated in the opinion.

For the appellant there was a brief by *Turner & Barney,* attorneys, and *Pinney & Sanborn,* of counsel, and oral argument by *Mr. Sanborn.*

For the respondent the cause was submitted on the brief of *Winsor & Winsor.*

Orton, J. This action was brought under sec. 1127, R. S., to recover of the defendant personal property taxes which had been returned unpaid, and personal service of the summons was made upon the defendant in the county.

The venue was changed to the county of La Crosse — the county where the defendant resided — in December, 1885. On April 28, 1886, the plaintiff's attorneys procured an order in supplementary proceedings to be signed by the judge, requiring the defendant to appear and answer concerning his property, under the same section of the statute. In the mean time the defendant had become a resident of the state of Alabama, and when he came to Wisconsin to attend the trial of this cause he was served with the following notice: "Please take notice that the above-entitled action is hereby discontinued. Upon taxation, the plaintiff will pay the defendant's costs." Dated "May 4, 1886." Signed by ". J. J. Hughes, Winsor & Winsor, Pl'ff's Att'ys." Immediately after the service of this notice, the order in supplementary proceedings was served upon the defendant at Mauston, Juneau county, in this state. On the hearing of the order, the defendant set up and made it appear that at the time of its service and at the time of the hearing he was a resident of the state of Alabama, and thereupon said supplementary proceedings were dismissed. It appears that soon after said notice of discontinuance of the action had been served upon the defendant the case was called in open court, and it was announced by the said attorneys of the plaintiff that it had been and was discontinued, and it was so entered by the judge upon his minutes, and was also so entered upon the minutes of the clerk. When it was ascertained that the defendant had removed to and become a resident of Alabama, and for that reason that the supplementary proceedings would not lie against him, and for that reason were dismissed, the learned counsel of the plaintiff then moved the court to set aside the dismissal and discontinuance of this action, on the ground that they did not know, at the time the discontinuance was so entered, and notice thereof given, and the service of the order in supplementary proceedings, that the defendant was a nonresident

and therefore not liable to such proceedings. On said motion the court set aside said discontinuance and reinstated the cause in said court, upon plaintiff paying the costs and disbursements of the defendant up to that time. From that order this appeal is taken.

It is now insisted by the learned counsel of the plaintiff that the cause was never fully discontinued, because said notice had never been filed, and no formal order had been signed by the judge, and the costs had never been taxed or paid. If this is so, then this motion was unnecessary. The plaintiff admits by the motion to set aside the discontinuance that the case had been discontinued. The motion and the order of the court are based upon the fact that the cause had been discontinued, and it is rather late now, on this appeal, to claim that it had not. This voluntary discontinuance of the action by announcement in open court and the entry thereof in the minutes of the clerk and of the judge, was all that was necessary to put an end to the suit. An entry by the clerk in his minutes of the judicial action of the court is sufficient evidence thereof. *Peterson v. State*, 45 Wis. 535. A formal order signed by the judge is not necessary. An order entered on the minutes of the clerk is sufficient for a full discontinuance of the case. *Spaulding v. M. & H. R. Co.* 12 Wis. 607. It is for the defendant, and not for the plaintiff, to question the effect of such a discontinuance. 2 Whit. Pr. N. Y. § 184. The defendant cannot be compelled to tax his costs, for he may waive them. If the plaintiff was bound to keep his case pending in court, notwithstanding he had made such an effort to discontinue it, until the defendant had taxed his costs, he might always have at least one case in court, whether he would or not.

· The case of *Spaulding v. M. & H. R. Co.*, *supra*, is authority in point that this case was not only out of court, but that it should not be reinstated. The reasons given in

that case are conclusive. Any other rule would work great hardship to a defendant. He could never know when he was out of court, and would have to be constantly prepared to meet and defend a case once brought against him, notwithstanding its discontinuance. The reason given for setting aside this discontinuance is insufficient, even if the court had power to set it aside for any reason. It was ignorance of either the law or of a fact that the learned counsel of the respondent ought to have known, and might have readily known, before the discontinuance of the action. Suppose a plaintiff should voluntarily discontinue his suit because at the time he should be of the opinion that he could not maintain it, and he afterwards had formed a different opinion, would such a reason be a good one for reinstating the action, and for the court to treat the defendant "as being in court and out of court at the same time," and for the court "to suffer its proceedings to be trifled with, even if parties were disposed to back and fill and to vacillate in the conduct of the suit," as the present chief justice said in his opinion in the above case in 12 Wis.? We think not. The circuit court erred in granting the motion to set aside the discontinuance and to reinstate this cause.

*By the Court.*— The order of the circuit court is reversed.