## TOKU SAKAI v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.  February 5, 1917.)

No. 2794.

1. ALIENS &wkey;54—DEPORTATION PROCEEDINGS—WAIVER OF ERRORS.
    Where, in deportation proceedings, counsel for the alien first stated that he did not desire to offer further evidence, but desired time to file a brief, and later stated that he did not desire to file a brief or do anything further in the case, any defect in form in the cabled authority or warrants on which the alien was arrested was waived.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112.]

2. ALIENS &wkey;54—DEPORTATION PROCEEDINGS.
    Where an alien woman, whose deportation was sought under Immigration Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899, as amended by Act March 26, 1910, c. 128, § 2, 36 Stat. 264 (Comp. St. 1913, § 4247), on the ground that she was practicing prostitution, admitted the charge, and her counsel stated that he desired to offer no further evidence, and subsequently waived the right to file a brief, such alien, having been informed that she was entitled to counsel and not having been taken advantage of, cannot complain of the order of deportation.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112.]

Appeal from the District Court of the United States for the Territory of Hawaii; Charles F. Clemons, Judge.

Deportation proceedings by the United States of America against Toku Sakai. Defendant applied for writ of habeas corpus, and from decree discharging the writ, she appeals. Affirmed.

George A. Davis, William T. Rawlins, and Charles S. Davis, all of Honolulu, Hawaii, for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Appeal from decree discharging the writ of habeas corpus of appellant, Toku Sakai. Deportation proceedings were prosecuted under that portion of section 3 of the Immigration Law, which reads as follows:

"Any alien who shall be found * * * practicing prostitution after such alien shall have entered the United States * * * shall be deemed to be unlawfully within the United States and shall be deported in the manner provided by sections 20 and 21 of this act."

The District Court ordered appellant to be deported.

Appellant makes two points: First, that she had no hearing before the immigration authorities at the port of Honolulu, as required by law; second, that she was given "only the semblance of a hearing" before the immigration authorities at the port of Honolulu.

The record shows these facts: That on September 29, 1913, a cablegram in code form was sent by the Acting Secretary of Labor at Washington, D. C., to the "Immigration Service" at Honolulu, ordering the arrest of Toku Taki (sic) and that she should be taken before

the immigration authorities for hearing, and that the record of proceedings be forwarded to the Department at Washington; that she was found practicing prostitution after entry into the United States. Authority for her release from custody under a bond was also granted in the cablegram.

It appears that on October 2, 1913, at Honolulu, appellant, who said her name was Toku Sakai, appeared before Harry B. Brown, examining inspector of the Immigration Service; that an interpreter and a stenographer were present; that a copy of the cablegram warrant of arrest was attached to the proceedings had, marked as Exhibit A. The appellant was sworn, and testified to the effect that she was a married woman, separated from her husband and practicing prostitution, and had been practicing it for about a year, and before that time, and that she started in such occupation about five years before the time of the examination. She was then asked by the immigration official if she wanted a lawyer, and replied that she did. The alien also appears to have signed her name, and the further hearing seems to have been partly carried on upon October 7th. On October 17, 1913, another cablegram was sent from Washington by Louis F. Post, Acting Secretary of Commerce and Labor, addressed to "Immigration Honolulu." This was also in code, and as interpreted directed the arrest of the appellant and others, and the bringing of appellant and others before the immigration authority for hearing, and the forwarding of the record of proceedings to the Department upon a charge that the alien was found practicing prostitution after entry. On the same day a written warrant, addressed to Richard L. Halsey, inspector in charge, for the arrest of the alien, Toku Sakai, in regular and due form, was forwarded by mail by the Acting Secretary of Commerce and Labor to the inspector in charge at Honolulu. The warrant recited that whereas, from evidence submitted to the Acting Secretary of Commerce and Labor at Washington, the alien had been found in the United States in violation of the act of Congress approved February 20, 1907, amended by the act approved March 26, 1910, and that she was a prostitute and had been found practicing prostitution subsequent to her entry into the United States, the Acting Secretary of Commerce and Labor by virtue of authority vested in him did command the inspector in charge to take the alien into custody and grant her a hearing, to enable her to show cause why she should not be deported in conformity with law, and that pending further proceedings the alien might be released from custody upon furnishing satisfactory bond in the sum of $1,000.

The record also shows that a notice from the Department of Commerce and Labor, through the office of inspector in charge at Honolulu, dated December 18, 1913, was addressed to Wm. J. Sheldon, at Merchant street, Honolulu, as attorney in the case of Toku Sakai, that—

"further hearing in this case will be had on Monday, December 22d, at 9:30 a. m., at which time any evidence pertinent to the case which you submit will be considered."

On December 22, 1913, Attorney Wm. J. Sheldon appeared before the immigration official and stated that he did not desire to offer any

further evidence or testimony in the case, but desired time to file a brief. Thereafter, on March 12, 1914, the immigrant inspector made this memorandum:

"On December 22, 1913, Attorney W. J. Sheldon stated that he desired time to file a brief in this case. He was this date communicated with, and states that he does not desire to file a brief or do anything further in this case."

Thereafter, on March 16th, the inspector in charge transmitted to the Secretary of Labor at Washington the testimony in the case of Toku Sakai, "who was arrested and given a hearing as directed in warrant or arrest No. 53678/465," which was the warrant of October 17, 1913, heretofore referred to. Thereafter, on March 28, 1914, a warrant of deportation was made in usual form.

[1] Whatever defects of form there may have been in the cabled authority or warrants, they were waived when counsel for the alien appeared before the immigration authorities and without suggestion of irregularity in the warrant or arrest stated that he did not desire to file any brief or to offer any "further evidence or testimony in the case." Bishop's New Criminal Procedure, § 126; Commonwealth v. Betton, 5 Cush. (Mass.) 427; Healy v. Backus, 221 Fed. 358, 137 C. C. A. 166; Peterson v. State, 45 Wis. 535.

[2] There is no evidence of any unfair conduct toward the alien on the part of the immigration authorities. She was not threatened in any way, she was asked if she desired counsel, and no compulsion appears to have been used to elicit any statement which she made. Under such circumstances, when counsel appearing in her behalf stated that he did not desire to offer any "further" evidence or to file a brief, he waived the right to offer testimony again, and acted upon the assumption that the sworn statement which had previously been made by his client before the immigration officer was the evidence to be considered in the case, and that upon it the authorities could make such order as might be appropriate in the premises. The questions of identity and the spelling of the name were evidently of no moment.

The case, therefore, became one where the finding by the administrative officers is supported by undisputed evidence which had been received and heard before the immigration authorities, and as there is no suggestion that the alien did not understand the nature of the charge against her, there is nothing to show that her rights were disregarded or any injustice done her. Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165; Ex parte Wong Yee Toon (D. C.) 227 Fed. 247.; Wong Back Sue v. Connell, 233 Fed. 659, 147 C. C. A. 467.

The judgment is affirmed.