Grover and Baker Sewing Machine Co. *vs.* Radcliffe.

(Decided 28th January, 1887.)

---

GROVER AND BAKER SEWING MACHINE COMPANY *vs.* WILLIAM P. RADCLIFFE, Garnishee of JAMES and JOHN BENGE.

*Foreign judgment—Judgment in Personam—Jurisdiction— Attachment.*

Where, by the terms of his bond, the obligor, a citizen and resident of Maryland, " authorized any attorney of any Court of record in the State of New York, or any other State, to confess judgment against him for the sum of $3000," he has the right to require that a judgment rendered against him in the Court of a State other than that in which he resides, shall be rendered in strict pursuance of this authority. He did not thereby authorize or consent that a judgment should be entered against him by the prothonotary or clerk under a special law to that effect, of any State.

Grover and Baker Sewing Machine Co. *vs.* Radcliffe.

A judgment *in personam* upon an obligation for the payment of money rendered by a Court and under the laws of one State, is void as against a citizen of another State, who had never been served with process, had never appeared to the suit in person or by attorney, and had no other knowledge or notice of it; and such a judgment cannot be enforced against the property of such a defendant located in the State of his residence.

Such a judgment is void because the Court rendering it had acquired no jurisdiction over the person of the defendant, and this objection to it may be set up, either in a case where an action is brought upon the judgment itself, or where it is made the foundation of an attachment against the property of the defendant located in the State of his residence.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court. The jury gave a verdict for the defendant under the instruction of the Court, and judgment was entered on the verdict. The plaintiff appealed.

The cause was submitted to ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*William T. Warburton,* and *Albert Constable,* for the appellant.

*James T. McCullough,* and *Henry M. McCullough,* for the appellee.

MILLER, J., delivered the opinion of the Court.

When this case was here on the former appeal (63 *Md.,* 496,) no question was presented as to the nature or effect of the judgment on which the attachment was issued. In the present case the validity of that judgment is assailed, and the question is raised by the second and sixth pleas filed by the garnishee in behalf of the defendants in the attachment. The plea of *nul tiel record* was decided by

the Court in favor of the plaintiff, and upon the other issues the trial was before a jury. A single exception was taken which involves the ruling of the Court upon the prayers, or propositions of law.

The plaintiff offered in evidence a duly certified copy of the judgment in question, from which it appears that the judgment was entered by the prothonotary of the Court of Common Pleas for Chester County, Pennsylvania, and the entry was made on the judgment docket of that Court on the 3rd of January, 1874. The titling of the case on the docket is *"Grover & Baker Sewing Machine Company, Boston, Mass., and Philadelphia vs. James Benge, West Chester, John Benge, Kimbleville, Md.,"* which is followed by this entry signed by the prothonotary: "I do hereby enter judgment against the defendants and in favor of the plaintiff in this cause for the sum of $3000 lawful money, debt, besides costs, &c., on a bond and warrant of attorney to confess judgment, dated March 16th, 1872," and then follows as part of the entry the condition of the bond. The bond itself is then set out in full and forms part of the record of the judgment. On its face, one of the obligors (James Benge), is stated to be a resident "of West Chester, Pa.," and the other (John Benge), "of Kimbleville, Cecil County, Md." The obligatory or penal part is in the usual form, for "the sum of $3000, lawful money," but is followed by this stipulation: "And we" (the obligors) "hereby authorize *any attorney* of any Court of record in the State of New York or any other State to *confess judgment* against us for the said sum with release of errors, &c." The condition is as follows:

"Whereas, the above named James Benge, at the special instance and request of the above bound John Benge has obtained a credit with the said Grover & Baker Sewing Machine Company, for machines of their manufacture, and for sewing machine findings, silks and threads manufactured and dealt in by said Grover & Baker Sewing Ma-

chine Company, and for other articles, including promissory notes and other property to be hereafter supplied to him, the said James Benge: Now the condition of the above obligation is such, that if the above bound James Benge, his heirs, executors or administrators shall well and truly pay or cause to be paid to the said Grover & Baker Sewing Machine Company, the full amount of each and every liability incurred by him, the said James Benge, to or with the said Grover & Baker Sewing Machine Company for and on account of all sewing machines, and all sewing machine findings, silks and threads, or other articles, including promissory notes and other property, that may from time to time hereafter be sold, consigned, supplied or otherwise entrusted to him the said James Benge, by the said Grover & Baker Sewing Machine Company, upon his orders or by his acceptance, with or without notice to the said John Benge, at the time or times when each and every liability shall become due and payable, or at such time and times for which payment of the same may hereafter, with or without notice to the said John Benge, be extended, then this obligation to be void. This obligation is intended to operate as a continuing security for the payment, when the same shall become due and be demanded, of all and every liability incurred to and with the said Grover & Baker Sewing Machine Company by the said James Benge as aforesaid, to the amount not exceeding the limit of this bond, $3000."

The Pennsylvania record also shows that a *fi. fa.* was issued on this judgment in August, 1875, which was levied upon about thirty acres of land in Chester County, "late the estate of John Benge, one of the defendants." This land was afterwards, under a *vendi.* issued in December, 1875, sold by the sheriff to the Grover & Baker Sewing Machine Company, the plaintiff in the judgment, for $65, and the net proceeds of the sale amounted to $8.20 only.

The plaintiff then offered in evidence a statute of Pennsylvania passed in 1806, under which it claimed the prothonotary had authority to enter this judgment. This statute provides that, " It shall be the duty of the prothonotary of any Court of record within this Commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons who executed the same for the amount which from the *face of the instrument* may appear to be due, without the agency of an attorney or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar to be paid by the defendant, particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open Court and in term time, and the defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney when judgment is entered on any instrument of writing as aforesaid."

It was then agreed that the common law of Pennsylvania, the practice of the Courts in, and the construction of the statutes of, that State might be proved by the decisions reported in the printed volumes of the Pennsylvania Reports. The Court below, thereupon, instructed the jury to find for the defendant upon the ground that this Act of 1806, did not authorize the prothonotary to enter this judgment.

The case upon which, as we understand from the briefs of counsel, the Court mainly relied in granting this instruction is that of *Connay vs. Halstead*, 73 *Penn. State Rep.*, 354. In that case it was held that this Act of 1806, does not give the prothonotary all the powers of an attorney at

Grover and Baker Sewing Machine Co. *vs.* Radcliffe.

law to confess judgment, and that he can enter such judgment only when on the instrument the *amount due* appears, or can be rendered certain by calculation from *its face.* The act of the prothonotary under this statute, says the Court, "must be strictly according to the law, and is not like the general authority of an attorney at law, who may appear and confess judgment, and arrange the details of the judgment," and we are strongly inclined to the opinion that the Pennsylvania Courts would hold, in a case between the citizens of that State, that the present case does not come within the purview of that statute. It is true the bond or obligation in the case referred to is not the same as in this, and that here the authority to the attorney is to confess judgment for the $3000, the penalty of the bond, but the amount actually due is not expressed, and cannot be ascertained by calculation from anything appearing on the face of the instrument, if any reference whatever is had to its condition. It would, as it appears to us, be an anomaly in legislation to provide that a mere clerk of a Court could enter a judgment on a bond with collateral condition like this, which should definitely and conclusively determine that the sum named as the penalty was the *debt* actually due by the obligors, without any assignment of breaches, or suggestion on the roll, or inquiry by inquisition of a jury or otherwise as to whether the condition had been violated or not, and if so, to what extent; and to allow, (as was done in this case) a *fi. fa.* to be issued commanding the sheriff to make out of the property of the obligors the full sum of $3000, as a "certain debt" whereof the obligors "are convict." But, however this may be, and without stopping to inquire how a judgment on such a bond so as to be effective for execution can be rendered, there is, we think, a fundamental and fatal objection to the validity of this judgment, as against the defendant, John Benge. He was a citizen and resident of Maryland both when the bond was executed, and when

the judgment was entered, and it is land, alleged to be his, located in Maryland, which is sought by this attachment, to be condemned for the satisfaction of this judgment. He was never served with process, never appeared in person or by attorney, and never had any notice or knowledge of the judgment, until a part of his land which lay in Pennsylvania was sold under the writs of *fi. fa.* and *vendi.* in 1875. By the terms of his bond he authorized " any *attorney* of any Court of record in the State of New York, or any other State, to *confess* judgment against him for the said sum of $3000," and he has the right to require that a judgment rendered against him in the Court of another State shall be rendered in *strict pursuance* of this authority. He did not authorize or consent that a judgment should be entered against him by the prothonotary or clerk under a special law to that effect, of any State, and when such a judgment is produced against him, his answer to it, *in hæc federa non veni,* is complete and conclusive. The question then comes to this, is a judgment *in personam* upon an obligation for the payment of money rendered by a Court and under the laws of one State, valid as against a citizen of another State who had never been served with process, had never appeared to the suit in person or by attorney, nor had any other knowledge or notice of it, and can such a judgment be enforced against the property of such a defendant located in the State of his residence? We think it is now clearly settled that such a judgment is utterly void, because the Court rendering it had acquired no *jurisdiction* over the *person* of the defendant, and that this objection to it may be set up, either in a case where an action is brought upon the judgment itself, or where, as here, it is made the foundation of an attachment against the property of the defendant situated in the State of his residence. *Weaver vs. Boggs,* 38 *Md.,* 255 ; *Pennoyer vs. Neff,* 95 *U. S..* 714 ; *Bank of The United States vs. Merchants' Bank of Baltimore,* 7 *Gill,* 429 ; *Thompson vs. Whitman,* 18 *Wallace,* 457.

Such being our views of the case it is clear the appellant has suffered no injury by the instruction to the jury to find a verdict for the defendant, even though the Court may have assigned a wrong reason therefor. We shall therefore affirm the judgment without considering the motion to dismiss the appeal.

*Judgment affirmed.*

(Decided 28th January, 1887.)