Smith v. McLean.

JAMES H. SMITH AND THOMAS W. PATTISON

V.

JOHN D. McLEAN AND JACOB RETTERER.

*Landlord and Tenant—Damage to Premises by Fire—Stipulations in Lease—Pleading.*

1.   As a general rule a lessee has no relief against an express covenant to pay rent unless he has protected himself by stipulation in the lease.

2.   In the case presented, it is *held:* That the stipulation in the lease protected the lessee from liability for rent only while the premises were unfit for occupancy because of damage by fire; that the entry by the lessor on the premises to make repairs and the removal of goods and boxes out of the way of the builders did not amount to an eviction; and that the replication to the defendants' plea, that they were ousted by the fire, to the effect that the premises were repaired within a reasonable time, is good.

3.   A plea which alleges no facts, but states a mere legal conclusion as arising on an event which it recites but does not allege to have occurred, is bad.

[Opinion filed April 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Statement by MORAN, J.   Appellees brought an action of covenant against appellants to recover rent which accrued under the terms of a lease between the parties, the term of which commenced February, 1884, and extended till April 30, 1886, unless the term should be before then determined.   The premises rented were "the third floor of the building known as Nos. 83 and 85 Wabash Avenue, also 15x65 feet in the basement of said building."

The covenant to pay rent was to pay " the sum of $2,856.40, payable in equal monthly installments of $108.33 on the 18th day of each and every month during the term of this lease." The lease contains the ordinary covenants, and a stipulation as follows :   " It is agreed that in case the above premises are damaged by fire no rent shall be  paid while the premises are unfit for occupancy."   To the declaration, which is in the usual form, the defendants below pleaded a first plea that, " on the 14th day of April, 1885, the said possession and tenancy of the defendants under and by virtue of said indenture was terminated by the destruction of the said demised premises, in plaintiff's declaration described, without the fault or neglect of the defendants," and other pleas averring the demised premises were destroyed by fire, and  that the building containing the demised premises were destroyed by fire, and a plea averring that the demised premises were so badly damaged by fire that the defendants were ousted, etc.   To the first plea plaintiff demurred and the demurrer was sustained; issue was taken on the other two pleas, and to the last plea above mentioned a replication was filed alleging that the damage by fire was repaired within a reasonable time after the fire, and the premises became and were fit for occupancy a long time before the commencement of the term, etc., and that the defendants had due notice thereof.   To this replication defendants demurred and the demurrer was overruled.   Defendants elected to stand by their first plea and  by their demurrer to said replication. The case was submitted to the court for trial, and judgment was

Smith v. McLean.

rendered by the court for $280.   The case is brought to this court by appeal and the sustaining the demurrer to defendants' first plea and overruling the demurrer to plaintiff's replication to the last plea, are assigned for error.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellants.

Mr. P. L. SHERMAN, for appellee.

MORAN, J.   Appellant's first plea is bad.   It alleges no facts, but states a mere legal conclusion as arising on an event which it recites, but does not allege to have occurred.   The demurrer to it was therefore properly sustained.

The question which appellant's counsel have so elaborately discussed, viz., the rule to be applied when a building in which apartments or rooms are leased is entirely destroyed by fire without the fault of the lessee, by the elimination from our consideration of the first plea becomes a mere moot question in this case and one which we are not called upon to decide.   The authorities cited and relied on by counsel relate to cases where there was a total destruction of the building, and when the space occupied by the tenant could scarcely be more definitely designated after the fire than by imaginary lines drawn in the air. Graves v. Berdan, 29 N. Y. 498; Austin v. Field, 7 Abb. R. N. S. 29; Ren v. Merchants' Ex. Co., 3 Edw. Ch. 315; Buerger v. Boyd, 25 Ark. 441.   The principle announced by these cases has no proper application where the demised premises are merely damaged by fire so as to be temporarily unfit for occupancy, but are left capable of repairs within a reasonable time, and when no rebuilding or reconstruction of the entire edifice containing the rooms has become necessary.

Appellant's plea, alleging that the premises were so badly damaged by fire that they were ousted and deprived of the possession and enjoyment thereof, is a good plea only because of the stipulation in the lease providing that in case the premises were damaged by fire no rent should be paid while the premises were unfit for occupancy; and appellee's replication that, within a reasonable time after the fire, said

premises were repaired, and then and there became fit for occupancy, of which appellants had notice, was a good replication to said plea, and the demurrer thereto was properly overruled.

It is the general rule of law that a lessee has no relief against an express covenant to pay rent unless he has protected himself by a stipulation in the lease. The stipulation in the lease under consideration protected the lessees from liability for rent while the premises, if damaged by fire, should remain unfit for occupancy—no longer—and the manifest intention of the parties, as shown by the lease, was that upon the premises being repaired and rendered fit for occupancy, and being open to the occupancy of the lessees, the covenant to pay rent should again become operative. The stipulation was for the benefit of the lessees, and without it they would, under the circumstances of this case, have been held on their covenant for the entire rent accruing after the fire. Izon v. Gorton, 5 Bing. N. C. 501; Peck v. Ledwidge, 25 Ill. 109.

It is contended by appellants that they were evicted from the premises by the acts of appellees. It appears that after the fire some of the goods of appellants were removed by them from the basement portion of the leased premises to the first floor of the building for convenience. Some remained in the basement with the rubbish and debris. Some one representing the appellees or the builders, who were repairing the building, stated that the goods of appellants were in the way, and requested appellants to move them. They did not do so at once, being busy, but after some time they took the goods away. These facts do not show an eviction. Nothing done or said by appellees indicates an intention on their part that appellants should no longer occupy the premises. It was necessary for the landlord to enter upon the premises to make the repairs and render them fit for occupation, and the removal of the goods and boxes out of the way of the builders was also necessary to the operation being carried on, and the record is conclusive that neither party regarded the removal of the goods under such circumstances as affecting the relations created by the lease. Morris v. Tillson, 81 Ill. 607, 623; Walker v. Tucker, 70 Ill. 527; Alexander v. Dorsey, 12 Ga. 12.

Our conclusion is against appellants upon the points urged by them against the judgment, and the same must therefore be affirmed.

*Judgment affirmed.*