## INTERNATIONAL PRESS ASSOCIATION
### V.
## SHEPHERD BROOKS.

*Landlord and Tenant—Evidence—Confession of Judgment—Bond for Costs—Error without Prejudice.*

1.   Some acts of interference by the landlord with the tenant's possession are acts of trespass or eviction according to the intention with which they are done.   Under a lease authorizing free access to the premises by the landlord to make repairs, he may clean and calcimine the same, such acts not amounting to an eviction.

2.   An error without prejudice to the appellant, is not sufficient ground for reversal.

3.   Even if the statute requiring a bond for costs, where the plaintiff is a non-resident, applies to a confession of judgment, a failure to take such bond is an error without prejudice to the defendant.

[Opinion filed January 16, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. MEECH & ASAY, for plaintiff in error.

Messrs. PADDOCK, ALDIS & WRIGHT, for defendant in error.

MORAN, J.   A judgment was entered by confession against plaintiff in error and in favor of defendant in error, by authority of a warrant of attorney contained in a lease for rent which came due under the terms of the lease.   Plaintiff in error moved the court at the same term to set aside the judgment and to dismiss the cause, or in lieu of dismissing the cause to allow defendant to plead.   As grounds for opening the judgment, plaintiff in error contended that it had been evicted from the premises described in the lease by the defendant in error before the rent for which the judgment was entered had accrued.   The facts on which the alleged eviction is based are that some men who were employed by the agent of defendant

International Press Ass'n v. Brooks.

in error to clean and calcimine the walls and ceilings of the premises, were let into the rooms of plaintiff in error by the janitor of the building, when the agent of plaintiff in error was temporarily absent; that said calciminers removed some cards from the wall and tore off some of the wall-paper, and covered up the desk and furniture of plaintiff in error, so as to keep them from being soiled, and then calcimined the walls and ceilings of one of the two rooms, and was proceeding to do the like work in the other rooms when the agents of plaintiff in error came on the premises and protested against the work, and thereupon the said calciminers, by direction of the agent of defendant in error, stopped work and removed their materials and tools, leaving the rooms clean and in good order.    It is very clear that the acts done, when considered in the light of the circumstances shown, did not amount to an eviction.    What kind of acts of the landlord done upon the premises rented will amount to an eviction, was considered by the Supreme Court in Hayner v. Smith, 63 Ill. 430.    The language of the chief justice in Upton v. Townsend, 849, C. L. 30, defining an eviction, is quoted with approval.    Jervis, C. J., there said :  " I think it may now be taken to mean, this is not a mere trespass and nothing more, but  something of a grave and permanent character done by the landlord, with the intention of depriving, the tenant of the enjoyment of the demised premises;" and Williams, J., said, "There clearly are some acts of interference by the landlord with the tenant's enjoyment of the premises which do not amount to an eviction but which may be either acts of trespass or eviction, according to the intention with which they are done.    If those acts amount to a clear indication of intention on the landlord's part that the tenant should no longer continue to hold the premises, they would constitute an eviction."    See also, Walker v. Tucker, 70 Ill. 528; Morris v. Tillson, 81 Ill. 607; Smith v. McLean, 22 Ill. App. 451.

The lease provided for free access to the premises by the landlord to make needful repairs, and the cleaning and calcimining of rooms are certainly in the nature of repairs.    If the acts done, however, constituted a trespass, this shows rather

an intention on the part of the landlord to enhance the comfort of the tenant in the rooms than to evict him.

Plaintiff in error filed an affidavit showing that defendant in error was a non-resident at the time of the entry of the said judgment by confession, and that no bond for costs was filed at the time said judgment was entered, and now insists that it was the duty of the court below to set aside the judgment and dismiss the suit for that reason. Whether the statute with reference to bonds for costs by non-resident plaintiffs, applies to confessions of judgment, seems to us at least doubtful, but we are not called upon to determine that question in this case. Even if it be conceded that the court erred in not requiring a bond for costs, how is plaintiff in error injured? The judgment is right on the merits and no costs have been or can be awarded against the plaintiff in the judgment. Errors which do not injure will not avail. The point is purely technical and in no manner affects the substantial rights of plaintiff in error, and we are not willing to reverse a just judgment on such a ground.

The judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*