### POND *v.* SIMONS.

[No. 1,979.   Filed October 23, 1896.   Rehearing denied Feb. 19, 1897.]

JUDGMENTS.—*By Confession.*—*Judgment Note.*—*When Doctrine of Presumption of Regularity Does Not Apply.*—The doctrine that judgments by confession are sustained by the presumption that they are regular, unless the contrary appears upon the record, is not applicable to a judgment which is not rendered by a judicial officer nor by a court, but merely entered by a ministerial officer without the intervention of any judicial tribunal, on a note containing a

provision authorizing any attorney of any court of record to appear and confess judgment for the amount of the note.

SAME.—*Foreign Judgment.—Collateral Attack.—Jurisdiction.*—In a suit on a domestic judgment the record as to jurisdictional facts cannot be disputed; but in suit on a foreign judgment the finding of jurisdictional facts may be collaterally questioned.

From the Cass Circuit Court. *Affirmed.*

*M. Winfield, C. E. Taber* and *G. C. Taber,* for appellant.

*Frank Swigart* and *John B. Smith,* for appellee.

GAVIN, J.—Appellant sued appellee upon a judgment rendered against him, by confession, in an Illinois city court.

That judgment was based upon what is known as a "judgment note" containing this provision: "And I do hereby authorize any attorney, of any court of record, to appear for me in any such court of record and confess a judgment for the amount due hereon, together with all costs and fifteen dollars attorney's fees at any time after maturity, either in term or vacation, and to agree that no writ of error or appeal shall be prosecuted on such judgment, nor any bill in equity filed to interfere therewith, and to release all errors and to consent to immediate execution thereon."

The record set forth in the complaint discloses that a complaint on this note was duly filed; that Alschuler & Murphy, as attorneys for appellee, appeared and filed an answer, confessing the complaint, whereupon judgment was rendered and entered.

The appellee filed various answers, setting up that he had always been a resident of the State of Indiana; that he was not served with any process, and had no knowledge of such proceedings and did not appear thereto, nor authorize any one to appear for him; and that the instrument sued upon was executed with-

out any consideration, under duress, etc. The court held the answers good.

Appellant insists that the record shows a judgment regularly and duly rendered, and that appellee may not contradict the record, nor defeat the judgment by the assertion of any matter which would have been properly pleaded as defense in that action.

It is contended, upon the authority of *Westcott* v. *Brown*, 13 Ind. 83; *Kingman* v. *Paulson*, 126 Ind. 507, and *Zepp* v. *Hager*, 70 Ill. 223, that the recitals of the record as to jurisdictional facts cannot be disputed.

This is doubtless the correct rule where a domestic judgment is involved, as in *First Nat. Bank* v. *Hanna*, 12 Ind. App. 240, but the Supreme Court of the United States, to which we must look as the highest arbiter upon questions like this involving the construction of the provisions of the United States Constitution and statutes, has overthrown this earlier doctrine of our own and other states as applied to judgments rendered in other states. It declares that, "notwithstanding the averments in the record of the judgment itself, the jurisdiction of the court by which a judgment is rendered in any State may be questioned in a collateral proceeding; that the jurisdiction of a foreign court over the person or the subject matter is always open to inquiry; that, in this respect, a court of another State is to be regarded as a foreign court." *Grover, etc., Co.* v. *Radcliffe*, 137 U. S. 287; Brown on Jurisdiction, section 26.

It is claimed by counsel that judgments by confession are sustained by the presumption that they are regular unless the contrary appears upon the record. It is true that it is said in *Caley* v. *Morgan*, 114 Ind. 350, that "judgments by confession are supported by the same presumptions which sustain other judgments when collaterally called in question." This was said,

however, when considering a domestic judgment, rendered in open court. The doctrine ought not to be and is not applicable when considering a judgment such as this is claimed to be, not rendered by a judicial officer, nor by a court, but merely entered by a ministerial officer without the intervention of any judicial tribunal. If we were to give to the judgment, as claimed by appellant, the same force and effect which it would possess in Illinois, still no presumption would come to its relief. In *Matzenbaugh* v. *Doyle*, 156 Ill. 331, 40 N. E. 935, it is said by the Supreme Court of that state, concerning such a judgment: "The entry of judgment having been made in vacation, before the clerk,—a mere ministerial officer,—it will be aided by none of those presumptions which prevail where judgments are entered in open court." That there was a clear distinction between such judgments entered in term time and those entered in vacation was early recognized in Illinois. "But a judgment confessed in vacation creates no such presumption, as the same intendments are not indulged in to sustain ministerial, as are in favor of judicial acts." *Roundy* v. *Hunt*, 24 Ill. 598.

The statutes of Illinois do authorize judgments to be confessed by defendants in person or by attorney, either in term time or in vacation, and judgments entered in vacation shall have like force and effect and from the date thereof become liens, in like manner and extent as judgments entered in term. Laws 1857, p. 29, section 2.

The courts of Illinois sustain and give effect to such judgments, although in this State they cannot be entered except when rendered in open court. It is, however, held in Illinois that "the confession of judgment in vacation is a statutory proceeding in derogation of the common law." *Gardner* v. *Bunn*, 132 Ill. 403, 23 N. E. 1073, 7 L. R. A. 729.

It is asserted by appellee that the judgment sued on is void because it appears upon its face to have been rendered by the court or judge in vacation; while appellant urges that it does not affirmatively appear that the judge rendered the judgment and "that in the absence of the contrary appearing on the face of the judgment, the presumption would be that it was entered according to law by the proper officers charged with the duty."

That this presumption cannot be invoked according to the decisions of Illinois, we have already seen.

In *Louisville, etc., R. W. Co.* v. *Parish*, 6 Ind. App. 89, this court said: "If the exercise is one of special statutory powers, the record must show that the statutes have been complied with."

The record of the proceedings in Illinois opens as follows: "Pleas before the Hon. Russell P. Goodwin, judge of the city court of Aurora, *in vacation*, after the regular term of said court, begun and held at the court room in the city of Aurora in said county on the third Monday, the 18th day of September, 1893, to-wit, on the 4th day of November, 1893. Present: Hon. Russell P. Goodwin, judge of said court, Frank Joslyn, State's attorney for Kane county. Attest, James Shaw, clerk: Be it remembered that on said 4th day of November, 1893, there was filed in said court a certain *narr.* and *cognovit* which read as follows:" Here are set out, a regular complaint; the note and affidavit and confession by Alschuler & Murphy as attorneys for the defendant. Following these is the further entry: "Be it further remembered that thereupon on the said 4th day of November, 1893, the said day being in vacation after the regular term of said city court of Aurora, begun and held at the court room in said county the following proceedings were had and entered of record in said court to-wit: *Frederic L. Pond*

v. *Noah Simons*. Confession. This day comes the plaintiff herein by Bacon & Cassen, his attorneys, and files herein a plea of trespass on the case on promises; and thereupon comes the defendant herein by Alschuler & Murphy, his attorneys in fact, who file herein his warrant of attorney duly executed and proven and also his *cognovit* confessing the action aforesaid of the plaintiff against the said defendant and that the said plaintiff has sustained damages by occasion of the premises to the sum of $271.26 which includes $15.00 attorney's fees.

"It is therefore considered by the court that the plaintiff do have and recover," etc.

As we construe this record, it clearly shows a judgment rendered by the court through its judge and not one merely entered up by the clerk upon the papers filed. The statements are that the proceedings were before the Hon. Russell P. Goodwin, Judge, and that he was present with all his officers necessary to constitute a court, and that "it is therefore considered by the court," etc. All these statements must be disregarded and counted as meaningless unless we construe this record to show that this judgment was one rendered by the judge of the court.

Were such a record of a judgment of this State presented to us without the words "vacation" and "after the regular term" we do not believe that anyone would pretend to argue that the judgment should be held void because it appeared upon its face to be a proceeding before the clerk merely, and was simply his act and not the judgment of the court through the judge.

Since, then, it purports to be the judgment rendered by the judge in vacation we must hold it void because the judge in vacation has no power to render the judgment. Such are the express adjudications of the

Supreme Court of Illinois. "With us the judge has no power to make orders in vacation, unless it be conferred by statute. * * * The statutes giving powers to the judges in vacation do not include the power to order the entry of judgment by confession." *Conkling* v. *Ridgely*, 112 Ill. 36, 44.

This is in harmony with the law as declared in our own State.

*Pressley* v. *Harrison*, 102 Ind. 14, decides that "a judge in vacation exercises only limited statutory power, and in such cases it must affirmatively appear that such a state of facts existed as warranted the exercise of jurisdiction," and that "the power which a judge may exercise in vacation is such special statutory power as is prescribed. Whatever it is asserted may be done by him, except in term, authority therefor must be found in the statute."

It being our conclusion that the judgment is void for want of jurisdiction of the judge over the subject-matter of the action, we need not take up other questions argued.

Judgment affirmed.

### On Petition for Rehearing.

Henley, J.—This court has again carefully considered the points raised by the argument of counsel for appellant in this cause upon his petition for a rehearing.

This court held in its original opinion herein that the judgment upon which appellant brought this action in the lower court was void for want of jurisdiction of the judge over the subject-matter of the action. It follows that appellant had no right of action against appellee. It has been repeatedly held by the Supreme Court of this State and by this Court, that

"where the plaintiff appeals, as in this case, and the record shows he has no cause of action against the defendant, intervening errors, if any, must be regarded as harmless and the judgment must be affirmed." *Clawson, Tr.,* v. *Chicago, etc., R. W. Co.,* 95 Ind. 152, and cases there cited.

The petition for a rehearing is overruled.

WILEY, J., took no part.