## CITIZENS STATE BANK *v.* READ ET AL.

[No. 6,896. Filed January 11, 1910.]

1. JUDGMENT.—*Foreign.—Jurisdiction.—Collateral Attack.*—A foreign judgment may always be questioned for a want of jurisdiction, and a sister-state judgment is foreign within this rule. p. 159.
2. JUDGMENT.—*Foreign.—Complaint upon.*—A complaint upon a foreign judgment, specifically setting out the manner of obtaining jurisdiction, must affirmatively show such jurisdiction, or relief will be denied. p. 160.
3. COURTS.—*Clerks.—Duties as to Records.*—The clerk of a court is a public officer who records the proceedings of the court and has custody of its records. p. 160.
4. JUDGMENT.—*Foreign.—Rendition by Clerk.—Complaint.*—A complaint upon a foreign judgment alleging that such judgment was rendered by a court of general jurisdiction is not sustained where the record shows that said judgment was rendered by the clerk of said court. p. 160.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by the Citizens State Bank, of Watseka, Illinois, against Reuben Read and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Willoughby & House* and *James H. Carey,* for appellant. *C. B. Kessinger* and *Cullop & Shaw,* for appellees.

ROBY, J.—This is an action brought by appellant against appellees. It is averred in the complaint that appellant recovered a judgment against the defendants in the circuit court of Iroquois county, Illinois, a court of general jurisdiction, for $749 and $4 costs, upon a certain promissory note. The case was put at issue by a general denial and an affirmative answer, denying jurisdiction in the Illinois court to render the judgment sued on. The case was tried without a

jury, a general finding made, and judgment rendered for the defendants. The determination of the appeal depends upon the sufficiency of the evidence to sustain the decision of the court. The judgment sued upon purports to have been rendered in vacation by the clerk of the circuit court of Iroquois county, in pursuance of an appearance for appellees by an attorney who waived the issuing and service of process, admitted the truth of the declaration, and consented that judgment be rendered. The authority of said attorney rests upon the following instrument:

"$735.          Mt. Carmel, Illinois, November 3, 1904. On or before August 1, 1906, after date, for value received, we jointly and severally promise to pay to Oltmans Brothers, of Watseka, Illinois, or order, $735, payable at the Citizens Bank of Watseka, Illinois, with six per cent interest per annum, payable annually, from date until paid. To secure the payment of said amount we hereby authorize irrevocably any attorney of any court of record to appear for us in such court in termtime or vacation, at any time hereafter, and confess judgment without process, in favor of the holder of this note, for such amount as may be unpaid thereon, together with costs and $10 attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution on such judgment, hereby ratifying and confirming all said attorney may do by virtue thereof."

It is recited in the judgment "that by virtue thereof, * * * and in pursuance of the statute in such cases made and provided, it is thereupon considered," but no statute of Illinois has been pleaded or proved. The appellees were and are all residents of Indiana, and were at no time within the jurisdiction of the Illinois court.

1. The jurisdiction of a foreign court is always open to inquiry and a court of a sister state is in this respect regarded as foreign. *Old Wayne Mut. Life Assn.* v. *Flynn* (1903), 31 Ind. App. 473.

The record shows specifically the manner in which juris-

diction was attempted to be acquired, and the inquiry is limited to the sufficiency of such showing. *Coan* v. *Clow* (1882), 83 Ind. 417; *Jones* v. *Porter* (1864), 23 Ind. 66; *Doren* v. *Lupton* (1900), 154 Ind. 396.

The appellant must thereby establish jurisdiction of the Illinois court over the appellees. *Grover & Baker, etc.. Mach. Co.* v. *Radcliffe* (1887), 66 Md. 511, 8 Atl. 265.

The clerk of a court is an officer who records the proceedings of the court and has custody of its records. *Ross* v. *Heathcock* (1883), 57 Wis. 89, 15 N. W. 9; *Peterson* v. *State* (1878), 45 Wis. 535; *National Docks, etc., R. Co.* v. *United New Jersey R., etc., Co.* (1894), 52 N. J. Eq. 366, 28 Atl. 673. A record which shows judgment rendered by the clerk of a court does not sustain the allegation of a judgment rendered by a court of general jurisdiction. *Grover & Baker, etc., Mach. Co.* v. *Radcliffe, supra; Pond* v. *Simons* (1897), 17 Ind. App. 84. Such a record cannot be made the basis of an action in this State. *Grover & Baker, etc., Mach. Co.* v. *Radcliffe* (1890), 137 U. S. 287, 11 Sup. Ct. 92, 34 L. Ed. 670; *Grover & Baker, etc., Mach. Co.* v. *Radcliffe* (1887), 66 Md. 511, 8 Atl. 265; *Owens* v. *Henry* (1896), 161 U. S. 642, 16 Sup. Ct. 693, 40 L. Ed. 837.

The judgment is affirmed.