## WIELER v. DIVER, ADMINISTRATOR.

[No. 11,053.   Filed March 15, 1922.]

1. JUDGMENT.—*Warrant of Attorney to Confess Judgment before Court of Record.—Confession of Judgment before Clerk.* —An authority in a warrant of attorney to confess judgment in any court of record is not authority to confess judgment before a clerk of a court in vacation.   p. 28.

2. JUDGMENT.—*Validity.—Warrant of Attorney to Confess Judgment in Court of Record.—Confession before Clerk in Vacation.* —In an action on a judgment rendered in vacation before the clerk of a circuit court of Illinois on a warrant of attorney to confess judgment in any court of record, regardless of the force and effect in Illinois of Ch. 110, §88 Hurds Rev. Stat., providing that any person for a debt *bona fide* may confess judgment by himself or attorney duly authorized, etc., in term or in vacation without process, an action cannot be maintained on such judgment in this state against a resident thereof where he has not consented to the terms of such statute and is not charged with knowledge thereof, so that it is not binding upon him.   p. 29.

From Gibson Circuit Court; *Luther Benson,* Special Judge.

Action by Joe Diver, administrator of the estate of John Diver, deceased, against Ben Wieler. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Harvey C. Kirk, A. Dale Eby* and *T. Morton McDonald,* for appellant.

*Charles O. Baltzell* and *Ernest R. Baltzell,* for appellee.

NICHOLS, J.—This was an action by the appellee against appellant to recover a judgment in the Gibson Circuit Court, upon an alleged judgment rendered in vacation before the clerk of the circuit court of Wabash county, Illinois, on *cognovit.*

There was a trial with special findings, and conclusions thereon in favor of appellee upon which judgment was rendered against appellant.

Appellant assigns in this court error of the trial court in overruling his motion for a new trial, and in stating its conclusions of law.

The special findings and conclusions are in substance as follows:

On January 4, 1919, letters of administration upon the estate of John Diver, deceased, were duly issued by the judge of the probate court of Lawrence county, Illinois, to J. E. Diver and Charles L. Diver. That the following section of the statutes of Illinois in relation to practice and procedure in courts of record is now in force and effect, to wit: "Section 88. Any person for a debt *bona fide* may confess judgment by himself or attorney duly authorized, either in term or vacation, without process. Judgments entered in vacation have like force and effect, and, from the date thereof become liens in like manner and extent as judgments entered in term."

On January 31, 1920, and continuously for thirty-two years immediately prior thereto, appellant was a resident of Indiana, and not a resident of Illinois. On said January 31, 1920, judgment was entered on the records of the circuit court of Wabash county, Illinois, which was in substance as follows:

On said January 31, 1920, which was in vacation after the November term of the Wabash Circuit Court of Illinois, appellee appeared before Elmer Stoltz, the clerk of said court and filed his plea of trespass on the case, together with his promissory note executed by appellant, Wieler. There was an appearance by one Allison, attorney, who filed his warrant of attorney, executed by appellant authorizing him to appear in any court of record in behalf of appellant with a waiver of service, and to confess judgment in favor of appellant for the amount due upon the promissory note annexed to said warrant of attorney, and thereupon judgment was en-

tered upon the note against appellant including attorney's fees for $598.99 and costs, which judgment was signed by Elmer Stoltz, clerk. The record shows an agreement to release all errors in entering the judgment, or in issuing execution thereon. The terms "cognovit" and "warrant of attorney" are sometimes, as here, used interchangeably but there is a distinction between them which we do not need to discuss for the purposes of this decision.

Upon the finding of facts the court stated its conclusion of law that appellee is entitled to judgment against appellant in the sum of $621.67 and costs. The failure of the court to find that the note involved was executed in Illinois and was therefore an Illinois contract was a finding against appellee on that question.

The supreme court, in *Irose* v. *Balla* (1914), 181 Ind. 491, 104 N. E. 851, after stating that it is the acknowledged public policy of this state not to recognize powers of confession in promissory notes says that: "So unusual authority as that of a warrant to confess judgment in a foreign jurisdiction, ought not to be extended by implication or inference, when the only question is as to the extent of the authority, and to question that authority is not in our judgment doing violence to the full faith and credit clause of the Federal Constitution, or the laws of the United States, or of the state of Illinois." Other authorities sustaining this rule are *Rasmussen* v. *Hagler* (1906), 15 N. D. 542, 108 N. W. 541; *Raymor* v. *Michigan Trust Co.* (1911), 165 Mich. 259, 130 N. W. 594.

The authority of the warrant of attorney here involved authorized the attorney to appear in any *court of record* and confess judgment, but the record 1. shows that the proceeding was had and judgment rendered in vacation, before Elmer Stoltz, clerk. This court has held in *Citizens State Bank* v. *Read*

(1910), 45 Ind. App. 158, 90 N. E. 492, that a record which shows judgment rendered by the clerk of the court does not sustain the allegation of a judgment rendered by a court of general jurisdiction. To the same effect, see *Pond* v. *Simons* (1896), 17 Ind. App. 84, 45 N. E. 48, 46 N. E. 153. Following the same principle, we hold that an authority in a warrant of attorney to confess judgment in any court of record is not authority to confess judgment before a clerk of a court in vacation.

In the Citizens State Bank case, *supra,* the statute of Illinois which appellee says authorizes such judgments was not pleaded, while here it is pleaded, and 2. included in the finding of facts. But regardless of the force of the Illinois statute in that state, the rule which we shall follow in deciding this case is stated in 30 Ency. of Law, p. 113, as follows: "A warrant of attorney to confess judgment can not be enlarged by writing into it the laws of the nature of which the donor is not charged with knowledge. Therefore, if the power to confess judgment is conferred upon any attorney of any court of record, its terms cannot be enlarged in another state so as to authorize a prothonotary to confess judgment, even if the laws of the state where the judgment was rendered expressly permit a prothonotary to act whenever any attorney is authorized to do so." This rule is followed in *Raymor* v. *Michigan Trust Co., supra,* where the note on which judgment had been entered was similar in effect to the one here involved, and the court says: "The entry of the judgment by the prothonotary was without authority so far as the instrument itself is concerned, and, though authorized by the Pennsylvania law, it was not binding upon a citizen of another state." This case cites as an authority sustaining its position, the case of *Grover, etc., Sewing Machine Co.* v. *Radcliffe* (1887), 66 Md. 511, 8 Atl. 265, which was appealed from the Maryland Su-

preme Court to the Supreme Court of the United States and is reported in 137 U. S. 287, 11 Sup. Ct. 92, 34 L. Ed. 670. In that case, the court, after stating the facts, says: "By its terms he did not consent to be bound by the local laws of every State in the Union relating to the rendition of judgment against their own citizens without service of appearance, but on the contrary made such appearance a condition of judgment. And even if judgment could have been entered against him, not being served and not appearing, in each of the States of the Union, in accordance with the laws therein existing upon the subject, he could not be held liable upon such judgment in any other State than that in which it was rendered, contrary to the laws and policy of such State. The courts of Maryland were not bound to hold this judgment as obligatory either on the ground of comity or of duty, thereby permitting the law of another State to override their own." *Raymor* v. *Michigan Trust Co., supra.* See also, *Teel* v. *Yost* (1891), 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796; *Cuykendall* v. *Doe* (1906), 129 Iowa 453, 105 N. W. 698, 3 L. R. A. (N. S.) 449, 113 Am. St. 472; *Sim* v. *Frank* (1860), 25 Ill. 109; *Pond* v. *Simons, supra.*

Following these authorities, we hold that appellant, a resident of this state, cannot be bound by the local laws of the State of Illinois to the terms of which he had not consented and with knowledge of which he is not charged. The alleged judgment entered by the clerk of the Wabash Circuit Court of Illinois, in vacation cannot be the basis of an action in this state.

The judgment is reversed with instructions to the trial court to restate its conclusions of law in harmony with this opinion.