WILLIAM SIM, Plaintiff in Error, *v.* SAMUEL FRANK, Defendant in Error.

ERROR TO CLINTON.

A judgment of a foreign State is a nullity in this, if the defendant has not entered any appearance, or notice has not been given him of the pendency of the suit.

THIS was an action of debt on a judgment rendered on the 21st day of July, 1857, for $4,000 debt, and $7.75 costs, in the District Court of the city and county of Philadelphia, of the

State of Pennsylvania, in favor of defendant in error against plaintiff in error. Defendant filed three pleas. 1st. *Nul tiel record.* 2nd. That when said supposed judgment was rendered, said Sim was, and for a long time before, and ever since, had been a resident and citizen of the State of Illinois, nor was he, when said judgment was rendered, in said State of Pennsylvania, nor was he served with any process, or actual or constructive notice of said case, in which said judgment was rendered, nor did said Sim, in person, or by attorney, enter his appearance in said case, and the said court then and there had no jurisdiction over his person, etc. 3rd. That before the obtention of the said judgment, said Sim paid said plaintiff all the amount mentioned in said power of attorney, except $1,000 ; and after said Sim had removed from the State of Pennsylvania, and become a resident of the State of Illinois, the said Frank, well knowing the premises, for the purpose of defrauding said Sim, went into the said court of Pennsylvania, and filed the said power of attorney, and caused and procured the entry of said judgment sued on, for the whole sum of $4,000 debt, and $7.75, without the appearance of Sim being entered in person, or by attorney, etc.

Said Frank replied to said second plea, that the appearance of said Sim was entered in said cause by an attorney of said court, thereto lawfully authorized by said Sim, etc. 2nd. Replication to same plea, that the appearance of said Sim was entered in said cause by one John C. Mitchell, an attorney duly authorized by said Sim to appear for him in said cause, etc. 3rd. Replication to same plea substantially the same as the second. 4th. Do. Replication to third plea, that judgment was obtained fairly, and not by fraud, as alleged in that plea, etc. Replication to first plea alleges there is such record as alleged in declaration, etc.

Rejoinder traverses 1st, 2nd and 3rd replications. Demurrer to 4th replication was sustained by the court.

The cause was tried by consent by the court.

The plaintiff below then introduced a transcript, certified by the prothonotary of the District Court in Philadelphia, Pennsylvania, of a judgment, as follows :

SAMUEL FRANK, Assignee of William Primrose,    D. S. B.
<br>               *v.*                             June 7, 1857
<br>        WILLIAM SIM.              No. 396.

" Judgment entered on bond and warrant of attorney, dated October 16, 1855, for $4,000, conditioned for the payment of $2,000 in one year from the date thereof, together with lawful interest, to be paid half yearly for the same.

" July 21, 1857. Judgment."

On the same day was filed a power of attorney, purporting to be signed by Sim, directed to John C. Mitchell, or any attorney of the Court of Common Pleas at Philadelphia, in the county of Philadelphia, and the State of Pennsylvania, or of any other court there or elsewhere. It recites that Sim was indebted by obligation to Primrose in $4,000, conditioned to pay $2,000 in one year from October 16, 1855, with interest, and if the same was not paid, authorizes such attorney to confess judgment for same in favor of Primrose, or his assignee, etc.; also an assignment of said power of attorney from Primrose to Frank. Then the judgment proceeds as follows: "And now, July 21st, 1857, judgment. Whereupon it is considered by our said court that said plaintiff do recover from the said defendant the sum of four thousand dollars; also the further sum of seven dollars and seventy-five cents, for his costs and charges, by him about his suit, in that behalf, expended, whereof the said defendant is convicted, as appears of record, etc., and the said defendant in mercy, etc."

This was all the evidence. The court, OMELVENY, Judge, found for plaintiff. Sim thereupon moved for a new trial, because the verdict was contrary to evidence and to law; which was overruled, and exception taken at the time, and judgment rendered against Sim for $4,000 debt, to be discharged upon the payment of $2,000 damage, and interest from date of judgment, and costs of suit. Sim thereupon brings the case to this court, and assigns for error: 1st, the judgment is contrary to law; 2nd, contrary to evidence.

WM. H. UNDERWOOD, for Plaintiff in Error.

B. BOND, for Defendant in Error.

CATON, C. J. There is no intimation in this record, nor was it claimed upon the argument, that the defendant was served with process in Pennsylvania, or that any appearance was entered for him in the court where the judgment was rendered, by any attorney of the court, or any other person. But it is said that there is a statute in that State authorizing the prothonotary to enter up judgment, without any appearance for the defendant, but upon the mere filing of the warrant of attorney, and an affidavit of its genuineness. Such a statute can only be binding upon citizens of that State, while Sim was a citizen of Illinois, at the time the judgment was rendered. Since the cases of *Bimeler* v. *Dawson*, 4 Scam. 541, and *Smith* v. *Smith*, 17 Ill. 482, the law has been too well settled to admit of discussion, that notice to the defendant, or appearance by him, can

alone give the court jurisdiction of the person of a defendant, and without such jurisdiction, every judgment must be a nullity. If statutes authorizing a judgment without appearance, or actual or constructive notice, can have force upon the citizens of the States where they are passed, they cannot bind citizens of another State. Such judgments, as to them, are void. The judgment must be reversed, and the cause remanded.

*Judgment reversed.*