## J. F. GRUBBS VS. LEON & H. BLUM.

### IN SUPREME COURT, TYLER TERM, 1884.

*Record—Amendment.*—The trial court has power to amend or correct its judgment at any time before adjournment for the term, although an appeal has been perfected.

*Judgment—Confession.*—An attorney confessing judgment under article 1348 R. S must, at the time it is confessed, act under written authority, otherwise, the judgment is invalid.

*Contract—Iron-clad.*—When a party seeks the aid of the courts to secure the fruits of such a contract. he will be held to a strict compliance with the terms of the instrument, and will not be aided by intendment or presumption.

*Same.*—See this case for a contract held good and not contrary to public policy.

Error from Bexar.

STATEMENT.

(By the Editor.)

This was an action by L. & H. Blum upon an open account for goods, wares and merchandize, sold to Grubbs under the following agreement :

## "*AGREEMENT :*

This instrument witnesseth—In consideration of the sale and delivery of goods, wares and merchandise made and to be made to me by Leon & H. Blum from time to time as occasion may require, and to such extent as the said L. & H. Blum, in their discretion may allow.

I. That I will pay the invoice price of all goods and the amount of any item in my account with said Blum and all other lawful claims that L. & H. Blum may now have or hereafter acquire against me by transfer or otherwise, at their office in Galveston, Texas, or in any county in the state of Texas, where they may elect to sue on such claim, with interest at the rate of 10 per cent per annum from due date of respective items until paid, and 10 per cent additional attorney's fees on the whole amount in case the claim is placed in the hands of an attorney for collection.

II. That each and every item for which I am indebted, or may hereafter become indebted, whether on note, open account or otherwise, to said Blum as aforesaid, shall be due and payable from and after the date of the transaction on which it is based, and the date of the transfer of any claim to said Blum shall be the due date of such claim, and that any other due date mentioned or indicated shall be merely for the purpose of computing interest and the entire amount of the account may at any time be stated as, and shall be due and payable at any date by deducting interest on amounts not due and adding interest on amounts over due.

III. That so long as I may be indebted to said Blum, my stock of goods, wares and merchandise and other property connected with my business or serving as a basis of credit, shall be kept fully insured at my expense in good companies, loss, if any, payable to L. & H. Blum, and all policies of insurance shall be deposited with them, and that I will not dispose of any of my property save in the

ordinary course of trade without the advice and consent of said Blum.

IV. That I hereby appoint and constitute any practicing attorney designated by said Blum, my true and lawful agent and attorney-in-fact, to appear in open court, at any time and in any court, having jurisdiction of the amount in any county in the state of Texas, and wave process and notice, and confess judgment, jointly and severally, against me, in favor of L. & H. Blum, for the whole or any part of my indebtedness to them as being then due, upon a statement verified by affidavit of L. & H. Blum or of any person in their behalf, of the amount therein stated as owing, and ten per cent attorney's fees, and to agree that upon such judgment execution may issue *instanter*. And my said attorneys are, or either of them, is hereby impowered and directed to examine for me into the facts, and to be the sole judge of the existence of such facts, as authorizing them to act for me, hereby freely ratifying and confirming the judgment so confessed and the execution so issued, and releasing all damages against any and all parties in case said execution is levied.

V. And I further agree that should the said Blum at any time deem it necessary or expedient for their interest to sue out an attachment or attachments, execution or executions, against me on the whole or any part of my indebtedness to them in any court or courts having jurisdiction of the amount sued on, and should said Blum sue out attachments or executions on the affidavit of a member or agent of their firm, and have the same levied on my property wherever the same may be situated, all errors and defects in such attachment suit or suits, or in such attachments or executions, or in any levy thereunder, at any and all stages thereof, whether the writ be levied or not and before and after levy, are and shall be waived, and that this agreement shall be a complete answer to any motion, plea or other proceeding offered and designed to defeat such attachments.

VI. And I further agree that any and all claims that I may make or prefer against said Blum, their agents or the officers levying the writ, by reason of the suing out or levy of such attachments or executions, shall be asserted in the court or courts whence such attachments issued, or in the courts of Galveston county, Texas, and not elsewhere, and that any and all such claims shall be limited to the

actualvalue of the property seized by virtue of and under such attachments, all other damages being waived.

VII. All laws now existing or hereafter enacted, the provisions of which may or shall conflict or interfere with the full operation of all the foregoing agreements are hereby specially waived.

Dated 5th November 1883.

(Signed) J. F. GRUBBS."

### OPINION.

That the court below had control of the judgment until the close of the term at which it was rendered, has been so firmly settled as to admit of no controversy. But the plaintiff in error claims that as he had filed the bond for writ of error before the defendants moved to amend and correct the judgment, that the latter came too late, That proposition is predicated upon the idea that the jurisdiction of the supreme court having attached the court below had no power to make the order amendatory of the judgment. It is now settled that notwithstanding an appeal may have been perfected, that the court below has control over its judgments until the term is closed, and that it has full power to vacate or amend the same until the adjournment of the term. (Garza vs. Baker, 58 Texas 483.)

The same principle, of course, is equally applicable to a writ of error, as to an appeal, therefore it must be considered that the court below was authorized to make any proper or appropriate order amendatory of the judgment.

But the question still remains as to whether the record as now presented shows authority in Dibble, to waive process and confess judgment for the plaintiff in error.

The statute provides that "when the judgment is confessed by attorney, the power of attorney shall be filed, and a recital of the contents of the same be made in the judgment. (R. S. art. 1348.)

While the written instruments authorizing the defendants in error to designate some attorney to confess judgment for the plaintiff in error, is on file in the cause and is in part recited in the judgment, yet there was no writing on file at the time the judgment was rendered, which would have authorized Dibble to act for plaintiff in error in that particular. The statute contemplates that the record shall disclose the power or authority of the attorney, and not the power vested in some one else to designate an attorney to act for

the party. It is claimed that the instrument which in fact forms the basis of this suit, is invalid because it is against public policy. True, it is one of the most remarkable and far reaching instruments that we have ever been called upon to examine, still there is nothing in it violating any policy appertaining to the public, and there is nothing in the record outside of the character of the instrument itself, which in the remotest degree would indicate a want of capacity to contract, and while it seems to have been the spirit and intent of the instrument, to place it within the power of defendants in error, to destroy the business, and financially ruin plaintiff in error at will, and with perfect immunity against being required to respond therefor in damages, yet the law does not inhibit him from thus placing himself within the power of others, if he deems it proper to do so.

However, when a party who has exacted and secured such an advantage, seeks, through the aid of the courts, to secure its fruits, he will be held to a strict compliance with the terms of the instrument. Such a contract does not commend itself to the favorable consideration of the court, and the party will not be aided in its enforcement by favorable intendment or presumption. For no enlightened court will ever encourage by favorable intendment or presumption forfeiture or confiscation of private property.

In our opinion it was essential to the validity of the judgment that Dibble should, at the time it was confessed, have been acting under a written designation, which, in conjunction with the instrument sued on, would have authorized him to waive the process and confess the judgment. No such written designation was on file at the time the judgment was rendered, and that which was snbsequently filed and made part of the record by order of the court does not cure the defect. From anything appearing to the contrary that writing may and perhaps was made and signed long after the rendition of the judgment.

There is nothing in the character of the instrument, or in the manner in which it was sought to be made available, which would entitle the proceeding to any favorable intendment or presumption in its support.

Our conclusion is that the judgment ought to be reversed and the cause remanded.                                        Watts, J.

Report of the commissioners of appeals examined, their opinion adopted and the judgment reversed and the cause remanded.

Willie, C. J.