## LIS PENDENS.

[Circuit Court of Cuyahoga County.]

LESLIE M. GREEN v. PERRY S. GREEN.

Decided, February 10, 1902.

*Lis Pendens—A Case Ceases to be, When—Following a Dismissal, Doctrine of, Applicable During the Remainder of the Term.*

1. A case is *lis pendens* during the entire term during which the court renders a judgment dismissing the petition.
2. A suit for divorce and alimony and to enjoin the transfer of property was dismissed. A motion for a rehearing was filed before the end of the term, and at a subsequent term this motion was heard and the prayer of the petition granted. *Held:* That the suit was *lis pendens* from the dismissal until the filing of the motion for a rehearing, and the case did not cease to be in court until the plaintiff obtained the relief sought.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

Heard on appeal.

It is unnecessary to state the facts in this case in full. The plaintiff, Leslie M. Green, brought an action in the court of common pleas for divorce and alimony against her husband, Perry S. Green, and undertook to tie up certain property by injunction which she claimed had been unlawfully transferred from her husband and that he was the true owner of the same. She failed to obtain either divorce or alimony, and she was dismissed out of court. A motion for a new trial was overruled, and, at the same term, she filed a motion for a rehearing. The motion was granted, and she obtained her divorce and alimony upon the rehearing.

Either after the first judgment in the case and the time of filing the motion for a rehearing, or just before the first judgment, this property in question was transferred by the one who held the title to the same; and, notwithstanding such transfer, she now seeks to fasten upon it her right to subject the same to the payment of her alimony; and the only question in the case is this: There was a judgment against her and she was dismissed entirely out of court, and so remained until at the

same term she filed her motion for a rehearing, which motion was heard after the term, and granted, and she obtained her relief sought. Was the case *lis pendens* between the time of the dismissal of her petition by the court and the time when the motion for a rehearing was filed? In other words, was the case in court during the period?

It is not denied in this case by the defendant but that the court of common pleas had jurisdiction over its records and judgments during the term at which they are made. In fact, it is too well settled in this state to any longer be a question of controversy. *Huntington* v. *Finch*, 3 Ohio St., 445; *Knox Co. Bank* v. *Doty*, 9 Ohio St., 505; *Kelly* v. *Stanbery*, 13 Ohio, 408; *Niles* v. *Parks*, 49 Ohio St., 370; *Huber Mfg. Co.* v. *Sweny*, 57 Ohio St., 169; *Ash* v. *Marlow*, 20 Ohio, 119, 131.

Nor is it contended in this case by the defendant that it made any difference whether the court acted upon the motion for rehearing at the same term in which the plaintiff was dismissed out of court, or at a subsequent term, provided the motion was filed, as it was in this case, at the same term.

The only question is: Was the case pending in such a manner in the *interim* above named, that it can now be said to be *lis pendens* during that time?

We have been cited to a number of cases, none of them, however, being directly in point on the question in the case before us for determination. In some of them it has been held that a bill of review filed and on a hearing of the same a new trial granted, that between the time of the first judgment and the filing of a bill of review, the case was not *lis pendens*. But, upon an examination of these cases, we find that in none of them was the bill of review filed at the same term of court; and the courts seem to differ upon the question, under the facts just stated.

There is a difference of opinion when the one acquiring an interest in the subject of the litigation after the original decree is entered and before the bill of review is filed, takes title subject to such final action as may be had under any bill of review which may be subsequently filed.

Among the decisions confirming that purchasers, before the bill is filed, are, nevertheless, bound by the result thereof, are many of those that have been cited. And courts differ as to this question, where an appeal is taken or error is prosecuted, and the title changes after the judgment and before an appeal is prosecuted or error is taken.

The case of *Ludlow* v. *Kidd*, 3 Ohio, 541, 544, has been criticised upon the supposition that the court meant to say that after the judgment, one who purchases is not bound by *lis pendens*, notwithstanding that the case is thereafter brought into court under a bill of review.

None of these cases are, in their facts, like the question before us, nor is the principle the same in that the question in our case is determined entirely by determining whether a case remains in court during the term at which judgment is given or refused and until the end of such term.

In contemplation of law a term of court is but one day, and all judgments are supposed to be of that one day; and yet this fiction must give way where two acts of the court are drawn in question as to which is prior, and then the question is determined by the facts to be established by evidence.

The court retains control over its entries during the term is undisputed, and this is equivalent, in our judgment, to saying that the case remains pending in the court during the term at which the judgment is rendered. A court certainly can not adjudicate in a case not in its court; and when the law says that a court *may* modify its judgment during the term, it must mean that it may modify it in a case that is pending.

But this does not answer the entire question: Is it pending in such a manner as to become *lis pendens?* In other words, is it notice during the entire term, or only until the time that judgment is rendered. It is claimed that any one seeing the record of the court, will see that all matters in the case have been adjudicated and are at an end. But this latter conclusion would be wrong, for they are not at an end and do not terminate before the close of the term.

It has been held that when a judgment is set aside at the same term, the case stands in court as though it had never been

tried.  27 Ark., 295; *Stannard* v. *Hubbell,* 25 N. E. Rep., 1084 (123 N. Y., 520).

And in *Ludlow* v. *Kidd, supra,* if the Supreme Court had found a case establishing this doctrine just announced, evidently from the opinion it must be concluded the court would *not* have concluded as it did in that case.

Cases fairly in point on this question are not numerous, and, in fact, we have found but one that fairly decides the exact question before us, and that is *Cornell University* v. *Parkinson,* 53 Pac. Rep.,  138 (59 Kansas, 365).  The district court, in disposing of the case, used this language on page 140:

"The first rule to be considered is this:  That the court has absolute control of its decrees and judgments during the term at which they are rendered.  They are, as expressed by some writers, within the breast of the judge during the term.  This is a wholesome provision of the law and necessary to the administration of justice.  In the hurry of business and confusion incident to a term of court, it often becomes necessary to correct during the term the mistakes that have been made; and these can be corrected at any time during the term, and the term is only one day, in law; and persons who purchase property upon decrees must understand that rule, and purchase with reference to it."    *    *    *

And the court concluded that there was no estoppel of record in that case; that is by the mere entry of the judgment, as the judgment does not become final until the term adjourns; that is final in the *sense* that it is beyond the control of the court that pronounces the decree.  In that case, the court found an element of estoppel which prohibited in equity the party seeking to obtain relief.  So that, notwithstanding the purchase was made *lis pendens,* the other party was debarred from taking advantage of the same.

It has been held that if an appeal is prosecuted in a case before the end of the term at which the judgment was rendered, or proceedings in error are had before the end of the term, and although the jurisdiction of the appellate court may have attached, yet the trial court is not thereby barred from changing its judgment during the term.  *Blum* v. *Wettermark,* 58 Tex., 125; *Grubbs* v. *Blum,* 62 Tex., 426.

Our conclusion in this case is, that the case was *lis pendens* during the entire term in which the court rendered the judgment dismissing the petition, and the motion having been filed at that term, the transfer of the property was made while the case was yet in court, and that it never *ceased* to be in court until the plaintiff obtained the relief that she sought in her petition, and that the plaintiff is entitled to the judgment that she seeks.

*J. F. Clark*, for plaintiff.

*White, Johnson, McCaslin & Cannon*, for defendant.