*In re* RAYMOR'S ESTATE.

RAYMOR *v.* MICHIGAN TRUST CO.

1. JUDGMENT—CONFESSION UNDER POWER OF ATTORNEY—AGENCY —BILLS AND NOTES.

Authority to confess judgment under a power of attorney contained in a promissory note must be strictly followed.

2. SAME — CONFLICT OF LAWS — PRIVATE INTERNATIONAL LAW — FOREIGN JUDGMENTS.

A judgment of the court of common pleas of Pennsylvania, entered without service of process against the maker of a promissory note that contained authority to any attorney to confess judgment in any court of any of the States, is invalid for failure to show that an attorney confessed the same, although the laws of Pennsylvania, which were followed in entering it, require the prothonotary to enter judgment upon the authority of such instrument.

Error to Kent; Perkins, J. Submitted February 10, 1911. (Docket No. 151.) Decided March 31, 1911.

Emma K. Raymor presented a claim against the estate of Edward A. Raymor, deceased, which was disallowed by the commissioners on claims. Claimant appealed to the circuit court, where the cause was tried without a jury. Judgment for claimant. The Michigan Trust Company, administrator of said estate, brings error. Reversed and judgment entered for defendant.

*Elvin Swarthout* and *R. A. Hawley,* for appellant.

*Drew & Campau* and *Sherdian F. Master,* for appellee.

Emma K. Raymor, the claimant, filed a claim against the estate of Edward A. Raymor, deceased, in the probate court for Kent county. The commissioners on claims disallowed the claim. The claimant appealed to the circuit court where the claim was allowed. The administrator

now brings the case to this court for review upon writ of error.

Claimant bases her right upon a judgment obtained in a Pennsylvania court, upon an instrument as follows:

"Battle Creek, Mich., Aug. 7, 1905.

"On demand, I promise to pay to my son Edward Spain Raymor, or order, ten thousand dollars, which said sum is due my son for the maintenance of his mother, Mary H. S. Raymor (my wife), without defalcation, value received. And further, I do hereby authorize and empower any attorney of any court of record of any State of the United States to appear for and enter judgment against me for the above sum, with or without declaration, with costs of suit, release of errors, with stay of execution until day of payment aforesaid, and with (10%) ten per cent. added for collection fees; and I also waive the right of inquisition on any real estate that may be levied upon to collect this note, and I do hereby voluntarily condemn the same and authorize the prothonotary or clerk of the court to enter upon the *fi. fa.* my said voluntary condemnation; and I further agree that said estate may be sold on a *fi. fa.*, and I hereby waive and release all relief from any and all appraisement, stay or exemption laws of any State now in force or hereafter to be passed.

"This note is a renewal of a note for a like amount ($10,000) given by me at Ionia, Mich., June 4th (1896), eighteen hundred and ninety-six.

"E. A. Raymor. [L. S.]

"York, Pennsylvania, March 1, 1906.

"For value received I do hereby indorse the within note to Emma K. Raymor.

"Edward Spain Raymor,
"Emma K. Raymor.

"For value received, I, Edward Spain Raymor, do hereby sell, assign, transfer and set over unto Emma K. Raymor all my right, title, interest and demand in and to the within note and all moneys due and to grow due thereon. Witness my hand and seal this 24th day of May, A. D. 1906.

"Edward Spain Raymor. [Seal.]

"Witnesses:
"Jacob Weaver,
"Donald H. Yost."

The record of the judgment, a certified copy of which was offered in evidence, was as follows:

"Among the records and proceedings enrolled in the court of common pleas in and for the county of York, the Commonwealth of Pennsylvania, to No. 411, April term, 1906, is contained the following:

### Copy of Appearance Docket Entry.

Edward Spain Raymor, Judgment in favor of the vs. plaintiff for the sum of Ten

| | | | |
|---|---|---|---|
| Weaver | | E. A. Raymor, | Thousand dollars ($10,000) |
| Atty. | $3 00 | $1.25 pd. by Plff. | debt on note sealed and |
| Entry | 1 25 | | dated August 7, 1905, with |
| Assmt. | 25 | warrant of attorney payable on demand with costs | |
| Prothy. | 45 | of suit, release of errors with stay of execution un- | |
| | —— | til day of payment, with ten per cent. added for | |
| | $4 95 | collection fees, with inquisition, condemnation and | |

exemption waived, with agreement to sell real estate on a writ of *fi. fa.*
Entered May 24, 1906.          GEORGE W. MAISH
                                                          Prothy.

Assigned to    :
    EMMA K. RAYMOR.
Attach. Ex. 46 Aug. Term, 1906.
Alias Attach. Ex. 49 Aug. Term, 1906."

On November 9, 1908, this record was, by order of the court upon the petition of the prothonotary, without notice to the administrator of Edward A. Raymor, amended so as to make the marginal-note "Weaver" read "Jacob E. Weaver, Attorney for Emma K. Raymor, Plaintiff."

The judgment was rendered without service of process upon Edward A. Raymor, apparently under the authority of section 28, p. 278, vol. 4, of the Laws of Pennsylvania, which provides:

"It shall be the duty of the prothonotary of any court of record, within this Commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law or other person, to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which, from

the face of the instrument, may appear to be due, without the agency of an attorney or declaration filed, with such stay of execution as may be therein mentioned, for the fee of $1 to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded; which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court, and in term time; and the defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney when judgment is entered on any instrument of writing as aforesaid."

There is no evidence in the record tending to show that Edward A. Raymor, prior to August 7, 1905, had ever been a resident or citizen of the State of Pennsylvania. It appears, on the contrary, that he had, for a period of about 30 years prior to February 1, 1905, been a resident in and a citizen of the State of Tennessee; that about that date he came to Michigan, living for about five months at the village of Saranac, from whence he went to the James White Home, a sanitarium located at Battle Creek, Mich., where he had resided for about a month before he executed the note and warrant of attorney sued upon in Pennsylvania. After the execution of said note, and on August 10, 1905, with his son, Edward Spain Raymor, he went to York, Pa., and remained there until May, 1906, when he returned to Battle Creek, Mich. Later, he removed to the Soldiers' Home at Grand Rapids, Mich., where he died, December 29, 1906. The judgment was entered in Pennsylvania, May 24, 1906, after Edward A. Raymor had returned to Michigan.

BROOKE, J. (*after stating the facts*). It is urged by the appellant that, inasmuch as the exemplification of the Pennsylvania record shows that the judgment was obtained without service of process upon Edward A Raymor and without an appearance for him by any attorney, in accordance with the provisions of the warrant, the judgment itself is invalid, and not binding upon the deceased or his estate. That the authority to confess a

judgment under warrant of attorney, such as is here considered, must be strictly followed, seems to be settled by abundant authority. See 30 Am. & Eng. Enc. Law (2d Ed.), p. 113, where the rule is laid down as follows:

" It is well settled that the authority to confess a judgment under a warrant of attorney must be strictly pursued, and the instrument delegating such a power will not be interpreted as granting authority to do any acts beyond those authorized in terms, or those which are necessary to carry into effect the power expressly given. A warrant of attorney to confess judgment cannot be enlarged by writing into it the laws of the nature of which the donor is not charged with knowledge."

See, also, *Rasmussen* v. *Hagler*, 15 N. D. 542 (108 N. W. 541); *First Nat. Bank* v. *White*, 220 Mo. 717 (120 S. W. 36, 132 Am. St. Rep. 612); *Grubbs* v. *Leon & H. Blum*, 62 Tex. 426; *Manufacturers' & Mechanics' Bank* v. *St. John*, 5 Hill (N. Y.), 497; *Cushman* v. *Welsh*, 19 Ohio St. 536; *Cowie* v. *Allaway*, 8 Durnf. & East, 257.

While the Pennsylvania statute quoted above makes it the duty of the prothonotary to enter judgment against the person who executed the warrant, upon application to him of any person who is the original holder (or assignee of such holder) thereof, no such authority is contained in the warrant itself. The instrument says:

"And further, I do hereby authorize and empower any attorney of any court of record of any State of the United States, to appear for and enter judgment against me."

It is not contended, of course, that either the original or amended record shows that Weaver appeared as attorney for the maker of the note and warrant. The entry of the judgment by the prothonotary was without authority so far as the instrument itself is concerned, and, though authorized by the Pennsylvania law, it was not binding upon a citizen of another State.

An instructive case upon this point will be found in *Grover & Baker Sewing Machine Co.* v. *Radcliffe*, 66

Md. 511 (8 Atl. 265), which was appealed to the Supreme Court of the United States and is reported in 137 U. S. 287 (11 Sup. Ct. 92). In that case one John Benge, a resident of Maryland, had executed an obligation to the Sewing Machine Company which contained a warrant of attorney, conferring practically the same powers as those conferred in the warrant here under consideration. Judgment was in that case, as in this, entered by the prothonotary in the State of Pennsylvania. Suit was afterwards brought upon that judgment in Maryland, where it was held that the judgment was void.

The case having been removed to the United States Supreme Court, the judgment of the Maryland court was affirmed, and it was said:

" John Benge was a citizen of Maryland when he executed this obligation. The subject-matter of the suit against him in Pennsylvania was merely the determination of his personal liability, and it was necessary to the validity of the judgment, at least elsewhere, that it should appear from the record that he had been brought within the jurisdiction of the Pennsylvania court by service of process, or his voluntary appearance, or that he had in some manner authorized the proceeding. By the bond in question, he authorized ' any attorney of any court of record in the State of New York, or any other State, to confess judgment against him (us) for the said sum, with release of errors, etc.' But the record did not show, nor is it contended, that he was served with process, or voluntarily appeared, or that judgment was confessed by an attorney of any court of record of Pennsylvania. Upon its face, then, the judgment was invalid, and to be treated as such when offered in evidence in the Maryland court.

" It is said, however, that the judgment was entered against Benge by a prothonotary, and that the prothonotary had power to do this under the statute of Pennsylvania of February 24, 1806. Laws of Penn. 1805–1806, p. 347. This statute was proved as a fact upon the trial in Maryland, and may be assumed to have authorized the action taken, though under *Connay* v. *Halstead*, 73 Pa. St. 354, that may, perhaps, be doubtful. And it is argued that the statute, being in force at the time this instrument was executed, should be read into it, and considered as

forming a part of it; and therefore that John Benge had consented that judgment might be thus entered up against him without service of process, or appearance in person, or by attorney.

"But we do not think that a citizen of another State than Pennsylvania can be thus presumptively held to knowledge and acceptance of particular statutes of the latter State. What Benge authorized was a confession of judgment by any attorney of any court of record in the State of New York, or any other State, and he had a right to insist upon the letter of the authority conferred. By its terms he did not consent to be bound by the local laws of every State in the Union relating to the rendition of judgment against their own citizens without service or appearance, but, on the contrary, made such appearance a condition of judgment. And, even if judgment could have been entered against him, not being served and not appearing, in each of the States of the Union, in accordance with the laws therein existing upon the subject, he could not be held liable upon such judgment in any other State than that in which it was so rendered, contrary to the laws and policy of such State.

"The courts of Maryland were not bound to hold this judgment as obligatory, either on the ground of comity or of duty, thereby permitting the law of another State to override their own."

See, also, *Teel* v. *Yost*, 128 N. Y. 387 (28 N. E. 353, 13 L. R. A. 796); *Cuykendall* v. *Doe*, 129 Iowa, 453 (105 N. W. 698, 3 L. R. A. [N. S.] 449, 113 Am. St. Rep. 472); *Sim* v. *Frank*, 25 Ill. 125.

In *Sim* v. *Frank*, *supra*, the court, in discussing the Pennsylvania statute, said :

"Such a statute can only be binding upon citizens of that State, while Sim was a citizen of Illinois at the time the judgment was rendered."

The judgment is reversed, and as there is no disputed question of fact involved the case will be remanded to the court below, where judgment will be entered in favor of the defendant.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.