# STATE OF MICHIGAN

# COURT OF APPEALS

---

BARTON W. MORRIS, JR., PC,

Plaintiff-Appellant,

v

ISAAC VANVELZEN,

Defendant-Appellee.

UNPUBLISHED
October 2, 2018

No. 340926
Oakland Circuit Court
LC No. 2017-160102-CZ

---

Before: MURRAY, C.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right from the circuit court's order granting defendant's motion to set aside a confessed judgment against defendant and dismissing plaintiff's case with prejudice. Because we agree that the trial court misinterpreted the requirements of MCL 600.2906, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On May 5, 2016, Jennifer VanVelzen, also known as Jennifer McBurney, and plaintiff entered into a Retainer Fee Agreement ("First Agreement"), wherein plaintiff agreed to represent Jennifer in connection with a criminal matter and she agreed to pay fees pursuant to the Agreement. On May 19, 2016, pursuant to the First Agreement, plaintiff was paid a retainer of $2,500. On May 27, 2016, a second Retainer Fee Agreement ("Second Agreement") was signed by attorney Barton Morris, Jr., on behalf of plaintiff, and defendant, who is Jennifer's husband, wherein defendant agreed to personally guarantee the payment provisions of the Second Agreement. Those provisions included agreeing to pay a nonrefundable retainer fee in the amount of $7,500 ($2,500 up front and $5,000 by June 6, 2016), the specified hourly rates for legal representation, all attorney fees in anticipation of trial before the commencement of trial, and an additional refundable retainer fee for future services if the initial retainer was insufficient to compensate plaintiff for the services provided. The Second Agreement further provided that all money due to plaintiff became delinquent if not paid within 14 days of being billed. After execution of the Second Agreement, Morris and other attorneys at the firm continued to provide legal representation to Jennifer, and an additional $5,000 was paid to plaintiff as required by the Second Agreement.

On August 17, 2016, the day before Jennifer's trial, Morris presented defendant with a document titled "Confession of Judgment," which defendant signed, providing:

-1-

CONFESSION OF JUDGMENT

Pursuant to section 2906 of the Revised Judicature Act of 1961 (MCL 600.2906), Isaac VanVelzen hereby provides his authority for confessing a judgment against himself and in favor of Barton W. Morris, Jr., P.C. in the amount of $7,500.00 for legal fees incurred on the matter of State of Michigan v. Jennifer McBurney, 52-2 District Court Case No.: 15-4608 SD. This judgment shall be properly filed with proper venue in the Oakland County Circuit or 44th District Court, not both. Full or partial satisfaction of this judgment shall set off, by the same amount satisfied, any account due from the same case but shall not fully discharge said account. Full satisfaction of this judgment shall not preclude any additional remedies that either party maintains based upon any previous written contract.

Thereafter, plaintiff represented Jennifer at her jury trial and continued to represent her through sentencing. The total legal fees incurred and billed on Jennifer's case amounted to $18,836.74 ($4,850.24 billed on July 10, 2016, and $13,986.50 billed on October 24, 2016), of which only $7,500 was paid. Neither Jennifer nor defendant, as personal guarantor, paid the outstanding balance of $11,336.74.

On June 23, 2017, plaintiff filed a complaint against defendant in the 44th District Court, alleging breach of contract and seeking the $11,336.74 in unpaid fees plus liquidated damages under the terms of the Second Agreement. On August 2, 2017, while the breach-of-contract action was pending against defendant in district court, plaintiff filed the Confession of Judgment in Oakland Circuit Court. On August 7, 2017, the circuit court entered a judgment against defendant pursuant to the Confession of Judgment in the amount of $7,500, plus $150 in filing fees. Defendant was not provided notice of the circuit court proceedings before entry of the judgment against him.[1]

After learning of the circuit court's judgment against him, defendant filed a postjudgment motion pursuant to MCR 2.612 to set aside the judgment, arguing that it was invalid and improperly obtained. Defendant also objected to the circuit court proceedings because he did not authorize plaintiff to confess judgment on his behalf without service of process or notice. The circuit court granted defendant's motion on the basis that the Confession of Judgment was not valid. In setting the judgment aside, the circuit court expressed concern that plaintiff obtained defendant's confession before $7,500 in legal fees were incurred or owed and that the Second Agreement did not contain any language whereby defendant agreed that plaintiff was entitled to a confessed judgment in the event defendant defaulted on his payment obligation.

---

[1] Defendant did not make an appearance in the matter until September 28, 2017, after plaintiff began taking action in an attempt to enforce the judgment.

## II. STANDARD OF REVIEW

We review a trial court's decision whether to set aside a prior judgment for an abuse of discretion. *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 421-422; 834 NW2d 878 (2013). An abuse of discretion occurs where a decision falls outside the range of principled outcomes, see *id*. at 422, or "the trial court misapprehends the law to be applied . . . ," *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002). This issue implicates statutory interpretation which is subject to de novo review. *USA Jet Airlines, Inc v Schick*, 247 Mich App 393, 396; 638 NW2d 112 (2001).

## III. ANALYSIS

On appeal, plaintiff argues that the circuit court erred in setting aside the judgment entered against defendant, which was based on the Confession of Judgment signed by defendant providing his "authority for confessing a judgment against himself and in favor of [plaintiff] in the amount of $7,500.00 for legal fees incurred" in his wife's criminal matter.

A "confession of judgment" is also termed a "cognovit." *Black's Law Dictionary* (10th ed). A cognovit is "[a]n acknowledgement of debt or liability in the form of a confessed judgment." *Black's Law Dictionary* (10th ed). "The cognovit has an extensive history in Michigan, and our courts have traditionally recognized the instrument as a valid tool creditors may use to secure payment of an obligation." *USA Jet Airlines*, 247 Mich App at 397. It has been referred to as " 'the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.' " *Id.* at 397, quoting *DH Overmyer Co, Inc v Frick Co*, 405 US 174, 176; 92 S Ct 775; 31 L Ed 2d 124 (1972).

Michigan recognizes cognovits in the form of a "warrant of attorney," which " 'is a waiver of notice and consent to entry of a stated sum based on an agreement between two or more parties.' " *USA Jet Airlines*, 247 Mich App at 398, quoting *Cheidem Corp v Farmer*, 449 A2d 1061, 1062 (Del Super, 1982). " 'Warrants of attorney are generally given where the party, having no defense to an action for debt, authorizes an attorney to confess judgment in order to save expense.' " *USA Jet Airlines*, 247 Mich App at 398, quoting *Crouse v Michell*, 130 Mich 347, 355; 90 NW 32 (1902). "[T]he authority to confess a judgment under a warrant of attorney must be strictly pursued, and the instrument delegating such a power will not be interpreted as granting authority to do any acts beyond those authorized in terms, or those which are necessary to carry into effect the power expressly given." *Raymor v Mich Trust Co*, 165 Mich 259, 263; 130 NW 594 (1911) (quotation marks and citation omitted).

Confessed judgments are controlled by statute in Michigan. *USA Jet Airlines*, 247 Mich App at 398. Specifically, MCL 600.2906 permits confession of judgment by warrant of attorney, *id*., and provides:

> Judgments may be entered in any circuit court at any time, upon a plea of confession, signed by an attorney of such court, although there is no suit then pending between the parties, if the following provisions are complied with, and not otherwise:

(1) The authority for confessing such judgment shall be in some proper instrument, distinct from that containing the bond, contract or other evidence of the demand for which such judgment was confessed;

(2) Such authority shall be produced to the officer signing each judgment, and shall be filed with the clerk of the court in which the judgment shall be entered, at the time of the filing and docketing of such judgment.

Thus, under MCL 600.2906, a debtor may grant an attorney authority to confess judgment upon a plea of confession signed by the attorney and filed with the circuit court. The plea of confession must be supported by a proper instrument authorizing an attorney to confess judgment. MCL 600.2906(1). "By signing a confession instrument authorizing an attorney to enter confession of judgment, a debtor not only waives a hearing but also authorizes the attorney to waive service of process on the debtor." *Majestic, Inc v Berry*, 593 NW2d 251, 258 (Minn App, 1999) (involving Minn Stat 548.23, containing similar language to MCL 600.2906). "By signing a plea of confession the attorney, acting under the debtor's authority, submits the debtor to the court's jurisdiction." *Id*. MCL 600.2906(1) also requires that the instrument providing the authority for confessing judgment must be "separate and distinct" from the contract or other evidence of the demand for which judgment was confessed. *USA Jet Airlines*, 247 Mich App at 401. See also *Jones v Turner*, 249 Mich 403, 407; 228 NW 796 (1930) (stating that authority to confess judgment was not in a proper instrument distinct from underlying contract). Implicit in the statutory reference to the "bond, contract or other evidence of the demand", MCL 600.2906(1), is the understanding that there must be an underlying debt or obligation secured by the confession instrument. Plaintiff asserts, as it did before the circuit court, that it properly obtained authority to confess judgment against defendant, without notice or service of process, in exchange for continued legal representation of defendant's wife, without advance payment of the trial fee as required pursuant to the Agreements.[2] Plaintiff admits that the debt—the anticipated trial fees—sought to be secured by the Confession of Judgment signed by defendant was incurred after its execution. However, plaintiff maintains that MCL 600.2906 does not require that the debt underlying the confession instrument be incurred before the instrument is executed, and that the Confession of Judgment was valid because the parties mutually contemplated that the debt would be incurred after its execution, but before entry of a judgment.

As plaintiff asserts, there is nothing in the language of MCL 600.2906 that prohibits a creditor from obtaining a cognovit or warrant of attorney to secure the payment of a future obligation or debt. For example, in *USA Jet Airlines*, 247 Mich App 393, at the time the parties executed the confession instrument, they mutually contemplated that a future obligation might arise under the terms of an employment agreement. Specifically, the agreement provided that the plaintiff would pay for the defendant's required training and, in return, the defendant would remain in the plaintiff's employ for at least 12 months. *Id*. at 395, 405-406. In the event that the

---

[2] Both Agreements require payment of the anticipated trial fee in advance, before the commencement of the trial, to wit: "Client agrees that all attorney fees in anticipation of trial must be paid before the commencement of the trial."

defendant left his employment before that time, he agreed to immediately reimburse the plaintiff for the cost of his training. *Id*. at 395, 406. As security for the future debt, in the event it arose and became due, a cognovit note authorized an attorney to confess judgment against the defendant. *Id*. Although the opinion in *USA Jet Airlines* did not consider the timing in which the underlying debt arose, the case illustrates that a confession instrument can be properly executed before the underlying debt or obligation has arisen or matured. See also *DH Overmyer Co*, 405 US at 176 (explaining that such agreements authorize lenders, *in the event of a default*, to obtain a judgment without providing notice to the debtor). Accordingly, to the extent that the circuit court based its decision to set aside the judgment and dismiss the action on the timing of the execution of the Confession of Judgment in relation to when the debt was incurred, it erred in doing so.

However, we do not read the circuit court's ruling as being strictly based upon the timing of the instrument, as plaintiff suggests. It is apparent from the trial court's questioning of plaintiff that it was equally concerned with whether the documents relied upon by plaintiff satisfied the requirements of MCL 600.2906(1). When plaintiff pointed to the Second Agreement signed by defendant as the "separate contract" establishing the debt, the circuit court asked, "[I]s there a provision in that retainer agreement that says that if you don't pay these monies then I'm entitled to a Confession of Judgment in this amount?" The circuit court rejected plaintiff's contention that such a provision was not required and concluded that the Confession of Judgment was, therefore, invalid.

MCL 600.2906(1) provides that "[t]he authority for confessing such judgment shall be in some proper instrument, distinct from that containing the bond, contract or other evidence of the demand for which such judgment was confessed[.]" The circuit court's conclusion that the authority to enter a confessed judgment must be incorporated in the document evidencing the underlying debt is not supported by the plain language of the statute or applicable caselaw. To the contrary, the plain language of the statute requires that the authority to seek a judgment on the basis of a plea of confession shall be set forth in an instrument "*distinct from*" the evidence of the underlying obligation. *Id*. (emphasis added). As our Supreme Court explained long ago, "[T]he power [to confess judgment] must be in a separate instrument from that containing the promise or obligation, although it *may* be a part of the contract that such power should be given." *Trombly v Parsons*, 10 Mich 272, 273 (1862) (emphasis added). In other words, while permissible, it is not mandatory that the instrument establishing the debt include a provision granting the creditor the authority to confess judgment. To the extent that the circuit held otherwise, it erred in doing so.

## IV. CONCLUSION

In sum, the trial court incorrectly interpreted MCL 600.2906 as requiring (1) that the underlying debt be incurred and owing before execution of the confession instrument and (2) that the document evidencing the demand for which judgment is confessed contain a provision granting the creditor the right to enter a confessed judgment. Consequently, its decision to set aside the judgment based upon a misinterpretation of the statutory requirements was an abuse of discretion. *Bynum*, 467 Mich at 283. We therefore vacate the trial court's order setting aside the judgment and dismissing the case and remand for further proceedings. On remand, the trial court is directed to address the remaining objection presented in defendant's motion to set aside the

-5-

judgment, namely, whether defendant effectively waived his due process rights.[3]  See *USA Jet Airlines*, 247 Mich App at 405 (observing that "authorization of confession of judgment, which waives due process rights, must be voluntary, knowing, and intelligently given").

Vacated and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Anica Letica

---

[3] While due process rights can be waived by agreement, the debtor must have "voluntarily, intelligently, and knowingly waived the rights [the debtor] otherwise possessed to prejudgment notice and hearing . . . with full awareness of the legal consequences." *DH Overmyer Co*, 405 US at 187.  See also *USA Jet Airlines*, 247 Mich App at 405.  Here, defendant asserts that he was not fully aware of, nor did he understand, the consequences of the Confession of Judgment, which he allegedly signed under the threat of plaintiff withdrawing from representing his wife in her criminal case the day before her trial.  We note the unequal bargaining power alleged here as the Supreme Court expressed concern over it in *DH Overmyer Co*, 405 US at 186-188.